ELIZABETH F. CAGGER, as Mother and Guardian, et al., Respondents, *v.* MARTINUS LANSING, Appellant.

In an action of ejectment, plaintiffs gave in evidence a judgment roll in a former action of ejectment brought by the grantor of plaintiffs' ancestor against defendant to recover the same lands wherein it was adjudged that said grantor was entitled to possession — *held*, that said roll was conclusive proof of the right of possession in said grantor; that the statutory right of redemption for six months after execution of writ of possession (2 R. S., 506, §§ 33, 34), did not vary its effect as evidence in subsequent suits between the parties, or their privies, of what was adjudicated; and in the absence of proof, that the right so adjudicated did not still exist, plaintiffs, on proof that they had succeeded to that right, were entitled to a judgment for the recovery of possession.

The complaint in the former action claimed a title in fee, alleging a grant in fee of the lands in question to defendant's grantor, with a charge

upon them of a yearly rent in perpetuity to the grantor in said grant, his heirs and assigns, with clauses, that, in case of non-payment, the grantor might re-enter, have, repossess and enjoy the former estate and expel the grantee, and that the indenture should become void; it alleged non-payment, and notice to defendant of the intention of plaintiff to re-enter, in pursuance of the act of 1846 (chap. 274, Laws of 1846). The answer of defendant took issue upon these averments, and the referee found in favor of plaintiffs. The referee did not find specifically what title plaintiffs had in the premises, and in the judgment entered upon the report no mention was made of plaintiff's title, but simply an adjudication that plaintiff recover and have possession. Upon the evidence furnished by the judgment roll the court, in the second action, directed the jury to find a title in fee in the plaintiffs. *Held*, no error, that the interest in the rent, owned by the grantor, was an estate therein in fee simple; that, by the right of re-entry and avoidance of the lease or grant upon non-performance of the condition to pay rent, a conditional estate was constituted in the grantor, and a right to enforce it by action of ejectment; and that upon breach of the condition, the whole estate was at law cast upon the grantor, and he became revested with an estate in fee simple in the lands; also, that it was immaterial that the referee did not in terms express a conclusion of law to that effect, as it results necessarily from the facts found, and the judgment was conclusive as to plaintiffs' title.

*Havingill* v. *Hare* (Cro. J., 516), *Jemot* v. *Cooly* (Sir T. Raym., 135, 158) distinguished.

The action of ejectment now tests not only the right to the possession but the title under which the right exists, whether in fee, for life, or for years.

Some of the plaintiffs were infants; their father died intestate. *Held*, that their rights were enforceable by their mother as guardian in socage.

Also, *held*, that plaintiffs being the holders of the legal title, were the proper parties to enforce it; and that the fact that they held it as security for a debt, the equitable title being in another, could not be interposed to defeat a recovery.

One count of the complaint set forth the value of the use and occupation and claimed the same as damages. Upon the trial, evidence was given, without objection and uncontradicted, as to the value of the use and occupation. The court directed the jury to find the amount so proved for plaintiffs, "for withholding the possession of the premises." This was excepted to generally. It was urged upon appeal that testimony of the value of the use and occupation was not competent upon an issue as to the damages for withholding possession. *Held*, that the allegation in the complaint was a sufficient claim for *mesne* profits; and that no exception was taken below sufficient to present the objection.

*Larned* v. *Hudson* (57 N. Y., 151) distinguished.

In the judgment the sum recovered was stated to be as damages for with-

holding possession. *Held*, that this was not an error reviewable upon exception, but an irregularity to be corrected on motion.

(Argued February 21, 1876; decided March 21, 1876.)

APPEAL from judgment of the General Term affirming a judgment in favor of plaintiffs entered upon a verdict.

This was an action of ejectment to recover possession of certain lands in Rensselaer county. The answer was the general issue. Plaintiff put in evidence a judgment roll in an action in the Supreme Court to recover possession of the same premises wherein William P. Van Rensselaer was a plaintiff, and the defendant herein defendant, the complaint in which alleged in substance that Stephen Van Rensselaer (plaintiff's testator), then the owner of the premises, and Peter W. Witbeck, in 1789, made and executed a certain indenture whereby said Van Rensselaer granted and sold to Witbeck the premises in question, to have and to hold to himself, his heirs and assigns forever, he paying therefor yearly certain specified rents; and in which it was provided that in case the rent reserved, or any part thereof, should remain unpaid for twenty-eight days after the time of payment, it should be lawful for said Van Rensselaer, his heirs and assigns, at his or their option, to prosecute for the payment thereof, to distrain, and also, in case of non-performance upon the part of Witbeck, his heirs or assigns, of any of the covenants and conditions it should be lawful for said Van Rensselaer, his heirs, etc., to re-enter into the granted premises, " and the same as his and their former estate, to have again, repossess and enjoy; and the said party of the second part (Witbeck), his heirs and assigns, and all others thereout and from thence utterly to expel, put out and remove," and that from and after such entry the indenture should become void and of no effect. The complaint then alleged non-payment of rent; service of notice of intent to re-enter under the act of 1846. (Chap. 274.) The answer was a general denial. The referee, to whom the action was referred, found the facts substantially as alleged in the complaint, and as conclusions

of law that plaintiff was "entitled to recover and have possession of the premises." Judgment was perfected on said report, February 16, 1864, adjudging that plaintiff recover possession of the premises.

Plaintiffs also gave in evidence a deed dated August 12, 1864, from William P. Van Rensselaer and wife to James Kidd and Peter Cagger, granting and conveying to them "all the estate, interest, property, right, title, claim and demand now vested in or belonging to" said Van Rensselaer, individually, and as executor of his father, Stephen Van Rensselaer, deceased, in all the "lots of land or farms situate, lying and being in the county of Rensselaer, and Manor or Rensselaerwyck, which are described in and were demised, granted or leased in perpetuity in and by the several indentures commonly known as leases or grants in fee, reserving rents," etc.; and also all the estate, title and interest of the grantor in the several indentures, and the rents, conditions and remedies reserved, created and provided for; and also all the rents in arrear, and all judgments obtained by said William P. Van Rensselaer, and in case by re-entry or otherwise, the rights of the parties under said indentures had become changed or modified so that the title in fee simple, or otherwise, to the lands demised, had become vested in said grantor, all the rights, estate and interests, etc., so acquired were granted, conveyed and assigned. In the schedule annexed and referred to, was included the grant to Witbeck of the land in question. Plaintiff also gave in evidence a deed or indenture from James Kidd and wife to Peter Cagger, conveying and assigning all the rights, title and interest acquired by Kidd under said grant from Van Rensselaer. Cagger died in 1868, leaving the plaintiffs, his children, of whom four were minors, who appear by their mother as guardian.

At the close of plaintiffs' evidence, defendant's counsel moved for a nonsuit upon the grounds, among others, that Mrs. Cagger, as mother and guardian, could not maintain the action. That Peter Cagger did not die seized of the premises. That the interest of William P. Van Rensselaer was not con-

veyed to Cagger. That Van Rensselaer was not seized of an estate in fee in the premises, but that the same remained and continued in Witbeck, his heirs and assigns. That if the deeds from Van Rensselaer to Kidd and Cagger, and from Kidd to Cagger, were intended to embrace an estate in fee in the lands they were void by statute, because defendant was then in possession, claiming to own in fee and adverse to the grantors. The motion was denied and said counsel duly excepted. Defendant gave evidence tending to show that the equitable title to the lands and property covered by the deeds, was in Walter S. Church, the title having been taken in the name of Kidd and Cagger to secure advances made by them to Church to pay to Van Rensselaer the purchase-price of the property and for other purposes. The court directed the jury to find a verdict in favor of the plaintiffs; that they were entitled to an estate in fee in the lands in question, and to recover possession, with $850 (the amount proved as the value of the use and occupation), for withholding the same, to which defendant's counsel duly excepted.

A verdict was rendered accordingly. In and by the judgment it was adjudged that plaintiffs recover possession of the premises. Nothing was stated therein as to plaintiffs' title.

Further facts appear in the opinion

*A. J. Colvin* for the appellant. The deed from Van Rensselaer to Witbeck, in 1789, was a sale and alienation of the grantor's estate in fee in the land. (*De Peyster* v. *Michael*, 6 N. Y., 467; *Van Rensselaer* v. *Hays*, 19 id., 71–76; *Van Rensselaer* v. *Read*, 26 id., 558; *Van Rensselaer* v. *Dennison*, 35 id., 393; *Sackett* v. *Barnum*, 22 Wend., 605; *Hope* v. *Booth*, 20 Eng. C. L., 574; *Van Heusen* v. *Radcliff*, 17 N. Y., 582; *Van Rensselaer* v. *Snyder*, 13 id., 299; *Jemott* v. *Cooley*, T. Raym., 135, 158; *Van Rensselaer* v. *Slingerland*, 26 N. Y., 587; *Van Rensselaer* v. *Ball*, 19 id., 104–107; *Giles* v. *Austin*, N. Y. Weekly Digest, 153; 2 Story's Eq. Jur., §§ 1314, 1315.) A judgment record in another action is conclusive only of such facts as were legitimately within

the issues to be tried as a part of the merits of the case, and either expressly or by necessary implication thereby determined. (*Woodgate* v. *Fleet*, 44 N. Y., 1; *People* v. *Johnson*, 38 id., 63; *Jackson* v. *Wood*, 3 Wend., 27; *Fairman* v. *Bacon*, 8 Conn., 418; *Gray* v. *Pingry*, 16 Vt., 419.) The court erred in holding that the copies of the execution and return produced in evidence were conclusive and in refusing to hear evidence denying their truth. (*Baldwin* v. *Ryan*, 3 Pars., 253; *Fellows* v. *Van Hyring*, 23 How. Pr., 230; *Brissell* v. *Pearce*, 28 N. Y., 252; 1 R. S., 377, § 65; id., 350, § 16; *Brown* v. *Hanford*, 7 Hill, 120; 5 Den., 586; *Gifford* v. *Woodgate*, 11 East., 297; *Case* v. *Redfield*, 7 Wend., 398; *Boomer* v. *Laine*, 16 id., 525; *Wheeler* v. *Lampman*, 14 J. R., 481; *Thayer* v. *Stearns*, 1 Pick., 109; *Saxton* v. *Nimes*, 14 Mass., 315; 18 Wall., 457; 19 id., 58; *Van Rensselaer* v. *Chadwick*, 7 How. Pr., 297; 2 R. S., 240, § 77; *Baker* v. *Binninger*, 14 N. Y., 270; *Barnes* v. *Harris*, 4 id., 386; *Russel* v. *Gay*, 11 Barb., 544; *Sheldon* v. *Payne*, 7 N. Y., 453; *People* v. *Ames*, 35 id., 482; *Armstrong* v. *Sheriff, etc.*, 6 Cow., 465; *Townsend* v. *Olin*, 5 Wend., 209.) A judgment in ejectment is a recovery of possession, not of the seizin or freehold. (*Atkins* v. *Horde*, 1 Burr., 114; 2 R. S., 304, § 36; *Roseboom* v. *Van Vechten*, 5 Den., 419; *McGregor* v. *Comstock*, 17 N. Y., 166; *Chamberlin* v. *Choles*, 35 id., 479; *Doe* v. *Lord*, 7 A. & E., 610.) The final judgment on the $1,000 parol contract estopped the parties from asserting the contract thereafter. (*Clute* v. *Jones*, 28 N. Y., 284; *Eben* v. *Lorrillard*, 19 id., 299.) Peter Cagger had no right except as a mortgagee, and plaintiffs took no rights therein at his death. (*Murray* v. *Walker*, 31 N. Y., 399; *Stoddard* v. *Whiting*, 46 id., 630; *Carr* v. *Carr*, 52 id., 251; *Church* v. *Kidd*, 5 N. Y. Sup. Ct., 461; 1 Washb. on R. P., 479; 2 R. S., 82, 83, § 6, subd. 8; *Wilson* v. *Troup*, 2 Cow., 195; *Merritt* v. *Bartholic*, 36 N. Y., 44.) A mortgagee cannot maintain ejectment. (2 R. S., 312, § 57; 31 N. Y., 399; 52 id., 251; *Jackson* v. *Myers*, 11 Wend., 537; *Manning* v. *Moscow Pres. Ch.*, 27 Barb., 54.) A deed absolute on its

face cannot be proved a trust deed by parol testimony, but it may by such proof be shown to be a mortgage. (2 R. S., 134, § 6; *Hodge* v. *Ten. Ins. Co.*, 8 N. Y., 419; *Sturtevant* v. *Sturtevant*, 20 id., 40; *Horn* v. *Kettletas*, 46 id., 610; *Stoddard* v. *Whiting*, id., 632; *Carr* v. *Carr*, 52 id., 258.) There is no relation analogous to that of trustee and *cestui que trust* between a mortgagee and mortgagor. (*Ten Eyck* v. *Craig*, N. Y. W. Dig., 259; 4 Kent, 160; 1 Wash. on R. P., 479, 480; *Clark* v. *Henry*, 2 Cow., 327; *Murray* v. *Walker*, 31 N. Y., 403.)

*Samuel Hand* for the respondents. The question of title and right to possession was conclusively settled against defendant by the judgment of 1864. (2 R. S., 309, § 36; *Beebe* v. *Elliott*, 4 Barb., 457; *Bennett* v. *Couchman*, 48 id., 73.) The deeds to Kidd and Cagger, and release of Kidd to Cagger were not void. The tenant's possession, under a lease in fee, was not adverse. (*Bedell* v. *Shaw*, 59 N. Y., 46; 1 R. S., 739, § 146; 2 R. S., 691, §§ 5–7; *Tyler* v. *Heidorn*, 46 Barb., 439; *Keneda* v. *Gardner*, 4 Hill, 469; *Jackson* v. *Stemburgh*, 1 J. Cas., 153; *Jackson* v. *Graham*, 3 Cai., 188; *Stevens* v. *Hausen*, 39 N. Y., 302.) There was nothing in the objection to plaintiffs' title arising out of Church's contract. (*Van Rensselaer* v. *Dennison*, 35 N. Y., 393; *Van Rensselaer* v. *Barringer*, 39 id., 1.) The admission of the return to the execution in May, 1864, was proper, or if not, could do no harm. (*Russell* v. *Gray*, 11 Barb., 541; *Henderson* v. *Clairns*, 14 id., 15.) The arrangement in 1865, between Cagger and Lansing, including the deed and receipt, and the $4,000 paid, were properly held not to affect plaintiff's rights. (*Cagger* v. *Lansing*, 43 N. Y., 550, 553.)

FOLGER, J. The judgment recovered by the plaintiffs was, as entered, for the recovery of the possession of the lands and premises described in the complaint, for damages for the withholding of the same, and for costs.

The defendant appeals therefrom, and to succeed in his appeal, he must show that the judgment is not warranted

by the facts appearing on the trial, or that there was some error in bringing them before the jury, or in the direction to the jury upon them.

So far as the judgment is for a recovery of the possession of the premises, it is sustained by the facts. The judgment roll in the former action, put in evidence on the trial of this action, showed an adjudication against the defendant, that the plaintiff therein was entitled to recover against the defendant the possession of the premises, and that possession thereof was awarded and adjudged to him. By that judgment the defendant is bound, and may not deny it. There was no objection made to the reading of the roll in evidence. It is now contended that the judgment cannot be evidence of title in the plaintiffs' grantor; and much is said to show that a judgment is not a mode now recognized by law for the conveyance of land. The appellant misapprehends the purpose and effect of introducing the judgment roll in evidence. It was not by it to create a title, but by it to prove that in a former action, to which the appellant was a party, a title out of him, and in the grantor of the plaintiff's ancestor, had been established. The judgment record did not create the fact. It was proof of the fact otherwise created; " where the issue is upon the fact, the record may be given in evidence to support that fact." (1 Gilbert on Ev., p. *28; Powell's Law of Ev., p. *244, 245; *Pearce* v. *Gray*, 2 Younge & Coll., 522.) In the former trial, the title to the land having been at issue, if the judgment roll showed that there had been litigation, examination and determination of that issue, the defendant was bound by that determination, not as making title, but as showing, that proof had been made of title, and an adjudication of the sufficiency thereof. It now acts as an estoppel upon the defendant, to deny that there was sufficient evidence in that action on which to base that adjudication. No point was made that the remedy was by writ of possession under that judgment, instead of by this action, to enforce the right of possession adjudged by it. Nor is the reliance of the defendant upon the statutory right of redemption for six

months after execution of writ of possession, available against
the effect of the judgment roll as evidence. (2 R. S., p. 506,
§§ 33, 34.) Whatever the relative rights of the parties to the
action after judgment, by force of any statute, the judgment
roll is yet evidence of what was adjudicated, and so far a basis
of judicial action in subsequent suits between the same parties
or their privies. If it shows a title in fee adjudicated, it gives
reason for a verdict of recovery of possession under such title.
No attempt was made, save by testimony hereafter to be consid-
ered, to show that the right of possession did not still exist.
If, then, the plaintiffs had succeeded to that right, they are
entitled to the judgment which they have now obtained, viz.,
that they do recover possession of the lands and premises.
They succeeded to the right therein of Peter Cagger, their
ancestor. By the instruments of transfer from Kidd to him,
and from William P. Van Rensselaer to Kidd and him, he
obtained all the right which Van Rensselaer had by virtue of
the judgment. The criticism made upon the terms of those
instruments, by the appellant in his statement of facts, and
in his second point, is not tenable. Those instruments transfer
all the estate, etc., of the assignors, in the lands described
in the indenture to Whitbeck ; all the estate, etc., which was
reserved to Stephen Van Rensselaer, in that indenture ; all
the estate in the indenture and the rents reserved or granted
by it ; all right to any rent or money due thereby and in
arrear ; any judgment or security obtained or taken for rent ;
any rights or title by fee-simple vested in Van Rensselaer, by
any re-entry since the 5th of March, 1858 ; and it is declared
that the instrument is named by way of description, and all
rights, estates, interests, claims, actions and demands, in and
to the lots, lands, rents, tenements and hereditaments are
granted, conveyed and assigned. It cannot successfully be
claimed, that Cagger did not in his lifetime obtain and have,
all the right which the plaintiff in that judgment had,
against the defendant therein and herein, and in and to the
lands and the possession thereof, named in the indenture.
The death of Mr. Cagger intestate, devolved upon the plain-

tiffs all the right which he had in his lifetime, subject to the right of dower of his widow, their mother. Among the rights of the plaintiffs thus acquired, was the right to possession adjudged in the former action. And these rights, so far as the minor plaintiffs are concerned, are enforceable in this action by their mother as guardian in socage. (*Holmes* v. *Seely*, 17 Wend., 75.)

These views dispose of the motion made by the defendant at the Circuit for a nonsuit, on the resting of the plaintiffs, so far as the points then taken are argued in this court. It did not matter on that motion, if the plaintiffs had a right of immediate possession, upon what estate or title in the lands it was based. The points made were not based upon the allegations in the pleadings (one of which was that the plaintiff had a title in fee) ; and a right to possession having been shown, there was not, for any reason advanced by the defendant, such a failure to make out a case as to warrant a nonsuit.

The plaintiffs had showed their title to whatever estate or interest in the premises Wm. P. Van Rensselaer once had by the conditions and covenants in the indenture, and by the judgment against the defendant. This certainly included a right to the possession of the lands under some title and for some purpose.

The next step in the trial brought to notice the contract between Kidd and Cagger and Walter S. Church. It is claimed that, by reason of this, Cagger had no interest greater than that of mortgagee. It is not necessary now to question but that Church, by that agreement, had an equitable right, enforceable against Kidd and Cagger, or Cagger alone. But the legal interest was in Kidd and Cagger at first, and then in Cagger, and now in the plaintiffs. These holders of the legal interest were from time to time, respectively, the persons capable of enforcing it against the defendant. They represented to him and to the world the legal right and title which Wm. P. Van Rensselaer had transferred. They could and can enforce that right. The enforcement will be for the benefit of Church, so far as his contract is

valid, and gives him benefit. But the defendant cannot interpose an equitable interest of Church to defeat the legal right of the plaintiffs.

All the questions growing out of the introduction in evidence of the writ of possession, and the return to it, and the offer of evidence in contradiction of the return, are of no moment here; they were all immaterial. The right of the plantiffs to recover was not affected either way by the evidence received, nor could it have been by that rejected. Their right depended upon the judgment in the former action, and upon the indenture and its conditions, and the action of their assignor availing himself of the benefit of those conditions, by way of re-entry and forfeiture.

The defendant asked that certain questions be submitted to the jury. We do not think that it was error to refuse. Under the evidence, there was no ground for maintaining that the rents had been paid. The receipts and satisfaction-piece had been signed by Cagger. The testimony of Church was uncontradicted, that there had never been a delivery of them, nor any right to a delivery. That they were in the hands of the defendant was not sufficient to make an issue of fact as against that testimony, fortified and sustained as it was by the former suit between Cagger and the defendant, which grew out of the same transaction. A verdict of a jury that the receipts and satisfaction-piece had been executed and delivered by Cagger to the defendant, as a consummation of a transaction between them, and that they showed payment of rents and satisfaction of judgment, would have been so contrary to the evidence as to have warranted the court in setting it aside for that reason. This is a test of the propriety of a refusal to submit a question to a jury.

There was no question of fact to be passed upon by the jury, for the determination of the question of law, whether the plaintiffs had any estate in the premises which descended to them from Cagger. That question depended alone upon the force of terms in written documents, and upon matter

of record. It was a matter of interpretation and legal deduction.

The court directed the jury to find a verdict for the plaintiffs. There was not error in this. They were entitled, as we have seen, to a verdict for the possession of the premises.

The court directed the jury to find that the plaintiffs were entitled to an estate in fee in the lands. If the appellant is right in the position taken by him, that a recovery in ejectment is but a recovery of possession, and not of the seizin or freehold, without prejudice to the right, as it may afterward appear between the parties, then he is not injured by this direction of the court or by the verdict of the jury in obedience to it. The judgment entered upon the verdict is for the possession only. But we do not agree with the position of the defendant. As we understand the purpose of the Revisers and the statutes passed by the legislature, the action of ejectment now tests not only the right to possession, but the title under which the right exists. The plaintiff is required to state in his pleading whether he claims in fee for life or years. (2 R. S., 304, § 10.) The verdict shall specify the estate which shall have been established on the trial by the plaintiff whether in fee for life or for years. (Id., 307, § 30.)

Every judgment rendered upon a verdict shall be conclusive as to the title established in the action against the party, and all persons claiming under him. (Id., 309, § 36 ; Code, § 455 ; and see *Sheridan* v. *Andrews*, 49 N. Y., 478.) And so it is with a judgment entered upon the report of a referee, or the decision of a judge trying a cause without a jury. (Laws of 1862, chap. 485, p. 977.)

We have to revert to the judgment roll, to ascertain whether the court was right in giving the direction to find a title in fee in the plaintiffs in this action. The former action was tried by a referee. In the judgment entered upon his report there is no mention made of the title of the plaintiff, more than there is in the judgment in this action. In the report of the referee there is not specific expression that the plain-

tiff has a title in fee for life or for years.  The complaint in that case makes a claim to a title in fee, and bases it upon averments, of the conditions in the indenture, that if any covenant or prior condition should not be kept, the lessor or his heirs or assigns might re-enter, and again have, repossess and enjoy the granted premises as in the former estate, and expel the lessee and his heirs and assigns ; and upon averments of the non-performance of the covenant to pay rent, of notice to the defendant of the intention of the plaintiff to re-enter, in pursuance of the act of 1846.  (Laws of 1846, p. 369, chap. 274.)  The answer of the defendant takes issue upon all these averments.  The report of the referee finds upon the issue in favor of the plaintiff, specifically finding the covenant for the payment of rent, the condition that if the rent should not be paid for twenty-eight days after day of payment the lessor or his assigns might re-enter and have, repossess and enjoy the former estate, and expel the lessee and his assigns, and that the indenture should become void, on the non-payment of rent, and the giving of notice of re-entry by reason thereof.  The report concludes, as matter of law, from these and other findings of fact, that the plaintiff is entitled to recover and to have possession.  The report did find then, as fact, that there was a grant in fee of the lands, with a charge upon them of a yearly rent in perpetuity, to the grantor, his heirs and assigns, with clauses for an entry and for distress for rent.  The interest in the rent owned by the grantor, as matter of law from those facts, was an estate in it in fee simple.  (2 Wash. on Real Prop., 253 [* 8] ; and see *Farley* v. *Craig*, 11 N. J. L. R. [6 Halsted], 262.)  It was such an interest in land as may be levied upon for the debt of him who owns it.  (Id. ; *The People* v. *Haskins*, 7 Wend., 463.) The appellant contends that there was no reversion of the estate.  Let it be granted, for that is not the dispute which the respondents make.  They claim a forfeiture of the estate of the appellant and his predecessor, and a restoration to them, as the assignees of Stephen Van Rensselaer, of the estate which he did possess and enjoy before and at the time

of the execution by him of the indenture. The referee did find, as fact, that there was a right of re-entry and repossession of the former estate, and an avoidance of the lease or grant in fee. As a matter of law from this fact a conditional estate was constituted in the grantor (2 Wash. on Real Prop., 257 [* 9]), and a right in him or his assigns to enforce it by action in ejectment. (*Marshall* v. *Conrad*, 5 Cal., 364, 405 ; *Van Rensselaer* v. *Ball*, 19 N. Y., 104–106 ; *The Same* v. *Slingerland*, 26 id., 586 ; *The Same* v. *Dennison*, 35 id., 400.) There is found in the instrument a condition, which is in the nature of a forfeiture, which at law casts the whole estate upon the grantor whenever it is broken. (*Stephenson* v. *Haines*, 16 Ohio St., 478.) There may have been, and probably was, the equitable right to be relieved against the forfeiture, but that is not now involved. And this conditional estate had this extent, by virtue of the terms of this indenture, that the owner of it might re-enter and his former estate have and hold, and the grantee quite oust ; for the estate of the grantee is defeasible if the condition be not performed. (2 Inst. [Thomas' ed.], § 325, p. * 3.) Here the appellant cites to us the cases of *Havergill* v. *Hare* (Cro. J., 510), and *Jemot* v. *Cooly* (Sir T. Raym., 135–158). But the distinction between those cases and this is well shown in *Farley* v. v. *Craig (supra;* 11 N. J. L. R. [6 Halsted], 262). It rests upon the difference in the terms of the covenants and conditions. In those cases the right to hold on re-entry was only for so long as needful to get from the land the rents in arrear. By those terms there was created only an interest in the profits. The case is different here. The appellant is in error in his assertion that the right of re-entry gave only a usufructuary interest. Here the terms make a forfeiture of the land itself, and a restoration of the grantor's former estate and title. And see *Jemot* v. *Cooly*, as reported 1 Levinz, 170, where Twysden, J., is stated to have said : " That if it was not for the words, *and to retain till he be satisfied out of the profits,* it would have been an inheritance in the land to remain in the heir as a penalty." Now this condition, in the instrument

in this case, is a lawful condition imposed upon the estate of the predecessor of the defendant (*De Peyster* v. *Michael*, 6 N. Y., 497; *Van Rensselaer* v. *Hays*, 19 id., 76, 77), and obligatory upon the parties, and in default of performance the consequences imposed by the terms of the instrument must be endured, one of which is the right to re-enter and have again the estate formerly possessed by the party of the first part to the instrument. That was an estate in fee simple in the land. It matters not that the referee did not in terms express a conclusion of law to that effect. Such a conclusion is involved in the issues found by the pleadings. It flows necessarily from the facts found, and no fact is found which is hostile to it. We conclude, then, that the learned justice at the Circuit was not in error in directing a verdict of a title in fee simple in the lands in the plaintiffs.

The learned justice also directed the jury to find for the plaintiffs $850 for withholding the possession of the premises. Upon the exception taken to this direction the point is now made, that there was no testimony upon which a verdict for more than nominal damages for withholding possession could have been legally based. The exception taken was general and did not point out the specific difficulty now raised, which is, that testimony of the value of the annual use and occupation is not competent upon an issue of the amount of damages for withholding the possession of lands, though it is competent in an action for the *mesne* rents and profits. The case cited by the appellant, of *Larned* v. *Hudson* (57 N. Y., 151), does hold, that where testimony of the value of the use and occupation is offered upon the issue of the amount of damages, by withholding possession, an objection to the admissibility was good, and that an exception to a charge instructing the jury to consider such testimony upon that issue, was also good. But that case is not a precedent for this. There was no allegation in the complaint in that case of the value of the use and occupation. The only mention of damages was in the demand of judgment. The Code provides, that in an action to recover the possession of lands, a claim may also be

made for the *mesne* profits. (Code, § 167.) The allegation in the second cause of action in the complaint in this action was, in substance, that which is required by the Revised Statutes for a suggestion on the record of a claim for *mesne* profits. (2 R. S., 310, §§ 44, 45; Yates' Pleadings, 195.) There was no objection to the testimony, (when it was received), which showed the value of the use and occupation, nor was the exception to the direction now complained of so pointed as to call the attention of the court and counsel to the position now taken. We do not think that the facts of this case bring it within the principle in 57 New York *(supra)*. It is true that the judgment entered herein does speak of the sum recovered as damages for the withholding of the possession. But that is not an error brought up by the exception. It is, indeed, an irregularity in the entry of judgment which would have been corrected on motion.

The judgment should be affirmed.

All concur.

Judgment affirmed.