JAMES SCOTT, Respondent, *against* WILLIAM DRENNEN, Appellant.

(Decided April 5th, 1880).

In an action for the conversion of a chattel, alleged to have been stolen from the plaintiff, and afterwards to have come into possession of the defendant, and which the defendant upon demand has refused to deliver to the plaintiff, a judgment in favor of the defendant in a previous action brought by him to recover possession of the property, against a police officer by whom it had been taken under a search warrant, as the plaintiff's property stolen from him, of which previous action the plaintiff had knowledge, but to which he was not a party, does not constitute a defense; there being no privity between the plaintiff and the officer.

Nor is it a defense to such an action that the plaintiff had permitted the person alleged by him to have stolen the property, to have possession of it, and to appear as the owner, or as having authority to sell it, where there is no evidence that the defendant, or any one, parted with any value upon the faith of such person's possession.

APPEAL from an order of the general term of the marine court of the City of New York, affirming a judgment of that court entered on the verdict of a jury.

The action was brought to recover damages for the conversion of a horse alleged to have been wrongfully detained by the defendant from the plaintiff. The plaintiff was the owner of the horse, and had entrusted it to one Goff, to show it to persons desiring to purchase a horse. Goff failed to return it to the plaintiff, and it was soon afterwards purchased by the defendant at a public auction. It was subsequently taken from the defendant by one Philips, a police officer, under a search warrant, issued on the complaint of the plaintiff, as his property. Goff was indicted for the larceny of the horse, but the indictment was never tried. The defendant brought an action of claim and delivery for the horse in this court against Philips, in which the horse was taken by the sheriff from the possession of Philips and delivered to the defendant; and the defendant subsequently recovered a judgment in the action by default. The plaintiff had knowledge of the action, and that

the horse had been taken from the police officer and delivered to the defendant; and afterwards brought this action in the marine court.

Upon the trial in that court, the judge directed a verdict for the defendant, and judgment for the defendant was entered on the verdict. From the judgment the plaintiff appealed, and on appeal the judgment was reversed and a new trial ordered. On the second trial the jury found for the plaintiff, and judgment for the plaintiff was entered on the verdict. From this judgment the defendant appealed to the general term of the marine court, which affirmed the judgment. From this decision of the general term the defendant appealed to this court.

*John McKeon,* for appellant.

*James M. Smith,* for respondent.

VAN BRUNT, J.—It seems to me very evident that the judgment of the court of common pleas in the action of Drennen *v.* Philips was no bar to the present action.

There was no privity between the plaintiff and Philips.

The action of replevin is merely a possessory action, and, as against Philips, Drennen might well have been entitled to the possession of the horse, when he would have no defense to the claim of possession of the plaintiff. Philips was in no manner the employe of the plaintiff, and derived no authority whatever to act for him. He was the servant of the people, and derived his authority to act from the warrant of the justice, who was acting in the name of the people.

The next objection raised by the appellant is that it was established in this case that the plaintiff allowed Goff to appear as the owner, and enabled him to impose upon the defendant, an innocent party. The answer to this objection is entirely simple, and it is this: that there is no evidence whatever that any person whatever was deceived by the possession of Goff of the horse, into the belief that he was the owner or had any authority to sell the same.

The defendant never saw Goff, and there is no evidence to show how the horse came into the hands of the auctioneer, or that any person whatever parted with one dollar upon the faith of Goff's possession of this horse. The charge of the learned judge who presided upon the trial of this cause was eminently just, and as favorable to the defendant as could be possibly claimed.

The charge in this respect was as follows:

" The question for your consideration is whether this horse was stolen from the plaintiff. If you find as a question of fact that Goff procured the animal simply for the purpose of exhibiting it, with the understanding that he was not to sell it or part with it, but return it to the owner, and that, instead of carrying out the purpose for which the horse was allowed to be delivered to him, he, with criminal intent, possessed himself of the property and parted with it, it was a felony, and whoever bought or obtained that property bought it subject to the right of the plaintiff. But should you find from the evidence,—and there may be some for your consideration in that respect,—that authority was given by the plaintiff to Goff to sell the horse, as a matter of course the act of parting with it was not felony, and a party purchasing it in good faith would have title. But you have a right to consider whether the evidence in that respect is sufficient to convince you that the plaintiff gave Goff that authority. You must be satisfied of that fact from the evidence adduced."

The question as to the circumstances under which Goff obtained possession of the horse was fully submitted to the jury, and the evidence fully justified their verdict.

The request of the defendant at fol. 139 of the case is entirely too broad. It is as follows:

" I ask the court to charge that where the owner of a chattel delivers it into the possession of one whose business it is to deal in those chattels, the jury can from that imply the authority to sell which will protect a *bona fide* purchaser."

There is no such rule known to the law, in the first place; and in the second place, there is no evidence that any person

parted with anything whatever upon the faith of Goff's possession of the horse.

The exception at fol. 53 is clearly untenable, because the question was asked as an explanation of what the witness had said upon cross-examination, and the witness says that he told Goff what he meant by the words used.

The exception to the evidence of the contents of the card is not well taken.

It was the claim of the defendants that the plaintiff had been accustomed to let Goff have this horse for purposes of sale, and the evidence as to the contents of the card was material to rebut this claim.

The judgment should be affirmed with costs.

J. F. Daly and Van Hoesen, JJ., concurred.

Judgment affirmed, with costs.