### HONG-KONG & S. BANKING CORP. v. EMANUEL et al.

*(Supreme Court, General Term, First Department. February 18, 1892.)*

1. ACTION ON DRAFT—EVIDENCE—ACCOUNT SALES.

The drawer and indorser of a draft drawn against a consignment of goods, and indorsed to a third person for value, having agreed that the consignees should sell the goods and apply the proceeds to the payment of the draft, the court, in an action by the indorsee to recover a balance on the draft, properly admitted in evidence, on behalf of plaintiff, an account of sales rendered by the consignees to the indorsee, showing the existence of the balance in question.

2. PLEADING—AMENDMENT OF ANSWER—NEW DEFENSE.

In such case the court properly refused to allow defendant to amend his answer at the trial so as to plead payment, thereby setting up an entirely new defense.

Appeal from circuit court, New York county.

Action by the Hong-Kong & Shanghai Banking Corporation against Joseph M. Emanuel and others to recover a balance due on a bill of exchange drawn against a shipment of oil to Japan. The bill was for £6,678, drawn by Albert A. Meyer at New York on Meyer & Co. of Hiogo, Japan, and indorsed by defendant Emanuel. Meyer and Emanuel were jointly interested in the cargo of oil, procured the bill to be discounted by plaintiff, and transferred to it the bill of lading as security. The oil was sold by the consignees Meyer & Co. in Japan, who rendered an account of sales to plaintiff, by which it appeared that the proceeds fell short of the draft the sum of $6,269.24. From a judgment for plaintiff, defendant Emanuel appeals. Affirmed. For former report, see 13 N. Y. Supp. 753.

Argued before VAN BRUNT, P. J., and LAWRENCE and O'BRIEN, JJ.

Sol. Kohn, for appellant. Redfield & Redfield, (Amasa A. Redfield, of counsel,) for respondents.

LAWRENCE, J. Under the pleadings in this case, as the evidence stood at the close of the trial, there was, in our opinion, nothing to go to the jury. The difficulty which was claimed to have existed on the former trial, on account of the refusal of the learned justice to submit to the jury the question whether the defendant Emanuel had given the firm of Meyer & Co. authority to sell the oil, against which the draft was drawn, as the agents of the defendants, and to apply the proceeds to the payment of the draft, has now been removed, as it distinctly appeared on the trial, which resulted in the judgment from which this appeal is taken, both by the evidence of the defendant Meyer and of the defendant Emanuel, that it was part of the agreement between the maker and indorser of the draft that Meyer & Co. should sell the oil, and that the proceeds should be paid to the plaintiff on account of the draft. *Banking Corp. v. Emanuel,* (Sup.) 13 N. Y. Supp. 753. This

being the case, it seems most clear that the account of sales submitted by Meyer & Co., who were the defendants' agents, were admissible in evidence against the defendant Emanuel, and that they were binding on him. There was also no error, in our opinion, committed by the learned justice, in refusing to allow the defendant to amend his answer so as to plead payment. To have permitted such an amendment would have been to have allowed the defendant to set up an entirely new defense, for which, even if the court had power to grant it, the evidence in the case offered no justification. *Price* v. *Brown*, 98 N. Y. 388.

The indorsement on the bill, "Received payment for the Hong-Kong and Shanghai Banking Corporation. HAROLD VACHER, Agent," upon the evidence, amounted merely to an acknowledgment that there had been received in payment, upon the bill, the amount for which the oil had been sold, being the amount for which credit was allowed· under the allegations of the complaint.

Neither did the justice who tried the cause err in refusing to allow the defendant to go to the jury upon the several questions stated at page 40 of the case. There could be, on the evidence, no question that the oil had been sold, nor as to the fact that there had been an account of sales rendered to the defendant Emanuel by his agents, Meyer & Co. There was no proof before the court of any payment of the draft, beyond that which the plaintiff had established by putting the indorsement upon the draft in evidence. There was no plea of payment by the defendants, nor was there any evidence of negligence on the part of the plaintiff to submit to the jury.

Upon the record, we are of the opinion, therefore, that if the defendant had been allowed to go to the jury upon either of the questions submitted by his counsel, and a verdict had been rendered in his favor, the court would have been compelled to set it aside. *Dwight* v. *Insurance Co.*, 103 N. Y. 341–358, 8 N. E. Rep. 654; *Kelly* v. *Burroughs*, 102 N. Y. 93, 6 N. E. Rep. 109; *Cagger* v. *Lansing*, 64 N. Y. 427. The judgment and order below must therefore be affirmed, with costs and disbursements. All concur.