(61 App. Div. 173.)

### SKELLY v. JONES et al.

(Supreme Court, Appellate Division, First Department. May 10, 1901.)

EJECTMENT—TITLE TO SUPPORT—EVIDENCE.

Under Code Civ. Proc. § 1524, providing that a judgment in ejectment is conclusive as to the title established in the action, such judgment, adjudging plaintiff's predecessor in title owner of land in fee, is admissible to show title thereto, though not conclusive against defendant, who was not a party to such suit.

Appeal from trial term, New York county.

Action by Patrick Skelly against Mary E. Jones and another. From an order granting a new trial (68 N. Y. Supp. 422), defendants appeal. Affirmed.

Argued before VAN BRUNT, P. J., and HATCH, McLAUGHLIN, PATTERSON, and INGRAHAM, JJ.

J. Langdon Ward, for appellants.

Edward W. S. Johnston, for respondent.

HATCH, J. It was conceded that the city of New York, by virtue of the Dongan and Montgomery charters, held the title in fee simple absolute to the lands between high and low water mark around such city. The plaintiff also established that his predecessor in title was the owner of the upland adjoining the land held and owned by the city of New York. The plaintiff, for the purpose of establishing title to the land in question in himself, offered in evidence a judgment in an action of ejectment between the plaintiff's predecessor in title, the upland owner, and the city of New York, in and by which it was adjudged, as against such city, that the plaintiff therein was the owner of the land in fee simple absolute, and thence traced his chain of title by deed, which, if the judgment be admitted, prima facie established title to the land in dispute in the plaintiff. The defendant was not a party or a privy to the judgment rendered in the action between the plaintiff's predecessor in the title and the city of New York, and consequently would not be bound, or concluded from attacking such judgment. When it was offered in evidence as a link in plaintiff's chain of title, the defendant objected to the same upon the ground that it was res inter alios acta, and not available to establish title in the plaintiff or bind the defendant. The court sustained the objection, and, inasmuch as the judgment was an essential link in the plaintiff's chain of title, his complaint was dismissed. Upon a motion for a new trial the court held that the ruling was error and that the judgment was admissible, and granted a new trial. An appeal from the order entered thereon brings the matter before this court.

We think the order was right, and should be affirmed. It is to be observed that the judgment in ejectment was between a conceded original proprietor of the land and the upland owner, and that it adjudicated, as between such persons, that the plaintiff's predecessor in title was possessed of an estate in the land in fee simple. This judgment therefore is an absolute, binding adjudication as to the title between the parties thereto and their privies, and is in every respect as conclusive evidence of title to the same property as would be conveyed by a deed from the city. Consequently it is a muniment in the plaintiff's chain of title. What its effect may be upon the rights of a person not a party thereto is another and entirely different question. The learned court below, in an able opinion, disposed of the question in favor of the plaintiff, upon the ground that the judgment was admissible for the purpose of establishing the existence of the judgment, and the plaintiff's rights thereunder, if any, but did not assume to determine its force and effect. We agree in the main with the reasons assigned by the learned court below, and entirely so in the result which it reached. It is established by the authorities which it cites, and the rule has long existed, that judgments in actions are admissible in evidence as links in a chain of title, even though they are not conclusive upon a person who was not a party or a privy thereto. Greenleaf v. Railroad Co., 132 N. Y. 408, 30 N. E. 762. The appellant, while not controverting this rule, denies its

application to the judgment in this case; his claim being that a judgment in ejectment is not a judgment in rem, and is in no sense a link in a chain of title or a muniment of title, except as between the parties thereto or their privies. This claim proceeds upon the theory that an action of ejectment is in its nature a possessory action, in which it is not essential for its maintenance that the plaintiff should establish title to the land; that, like the action in replevin, a possessory right is all that is needful to be established in order to succeed. Scott v. Drennen, 9 Daly, 226. This was undoubtedly the rule at common law, and, had it so remained, the defendant's contention would be entirely correct. The Revised Statutes, however, changed such rule, and the same has now become embodied in section 1524 of the Code of Civil Procedure. Therein it is expressly provided that a final judgment in an action of ejectment is conclusive as to the title established in the action, upon each party against whom it is rendered, and every person claiming from, through, or under him, by title accruing after the filing of the judgment roll or a notice of the pendency of the action. This judgment adjudicates, in terms, the title of the property to be in plaintiff's predecessor, and through whom he claims. That such a judgment is admissible in evidence for the purpose of establishing a link in the chain of title is settled by authority. King v. Townshend, 65 Hun, 567, 20 N. Y. Supp. 602; Cagger v. Lansing, 64 N. Y. 417; Black, Judgm. § 655. While it is true that, strictly speaking, a judgment in an action of ejectment is not a judgment in rem, yet it is analogous thereto; and, if it be conceded not to fall within that category, yet the provisions of the statute have defined the effect to be given to it, and under its provisions the same reasons apply to its effect as evidence as though it were in fact a proceeding in rem. Inasmuch as title may now be tried and determined in the judgment entered in such an action, when its result is to determine the title, it ceases to be a possessory action, merely, and by statutory provision becomes a binding adjudication as to such title upon parties and privies. Failing to determine title, it would undoubtedly remain a mere possessory action, in which event it would probably not be admissible in evidence, as it would not be a link in a chain of title. Such, however, is not this judgment; for here title was adjudicated, and, by virtue of the statutory provision, constituted a link in the plaintiff's chain of title. Undoubtedly it is not conclusive of any right of which the defendant is possessed. Such was the rule as to judgments in rem between third parties. Greenleaf v. Railroad Co. supra. The defendant is still at liberty to attack it and overthrow it by any proof competent to establish that as against him it is not binding. This, however, does not destroy its competency as evidence, or its effect, unless overthrown in establishing title in the plaintiff.

It follows that the order granting a new trial should be affirmed, with costs. All concur.