The Country Club Land Association, Appellant, *v.* Frederick Lohbauer et al., Respondents.

1. Real Property — Action to Restrain a Trespass — Insufficient Proof of Exclusive Ownership of Premises. The facts examined in an action against one claiming to be the owner of an undivided half interest in the premises described in the complaint and his tenant, to restrain them from trespassing thereon, the plaintiff claiming to be the sole owner and entitled to the possession thereof, and *held* that there was sufficient evidence to support the findings of fact upon which was based a conclusion of law "that the plaintiff has failed to establish any exclusive right to the premises described in the complaint as against the defendants."

2. Remedy of Tenants in Common, a Partition Suit: of Owners in Severalty, Ejectment. Assuming without deciding that the principal parties to the action were tenants in common, the plaintiff had no authority to interfere with defendants' tenant, its duty being to so exercise its rights as not to interfere with those of its co-tenant; if the plaintiff is a tenant in common, its remedy is a partition suit; if the owner in severalty, its remedy is ejectment.

*C. C. Land Assn.* v. *Lohbauer*, 110 App. Div. 875, affirmed.

(Argued December 7, 1906; decided January 8, 1907.)

Appeal from a judgment of the Appellate Division of the Supreme Court in the first judicial department, entered January 18, 1906, modifying and affirming as modified a judgment in favor of defendants entered upon a dismissal of the complaint by the court on trial at Special Term.

*Philip E. Connell* and *Philip H. Adee* for appellant. Injunction was the proper remedy. (*Clare* v. *Sawyer*, 2 N. Y. 498; *Curtis* v. *Fox*, 47 N. Y. 299; *Bank of Utica* v. *City of Utica*, 4 Paige, 399; *Coatsworth* v. *L. V. R. Co.*, 156 N. Y. 451; *Wheelock* v. *Noonan*, 108 N. Y. 179; *Baron* v. *Korn*, 127 N. Y. 224; *Avery* v. *N. Y. C. R. R. Co.*, 106 N. Y. 142; *Brioestedt* v. *S. R. R. Co.*, 55 N. Y. 220; *Corning* v. *T. I. & N. Factory*, 40 N. Y. 206; *Lynch* v. *M. E. R. Co.*, 129 N. Y. 274; *Johnson* v. *City of Rochester*, 13 Hun, 285.) There is no proof that defendants have been in actual possession of plot "A," nor that any of their predecessors in title have been in possession. (*Price* v. *Brown*, 101 N. Y. 669; *Gardner* v. *Heart*, 1 N. Y. 528; *Churchill* v. *Onderdonk*, 59 N. Y. 134; *Miller* v. *L. I. R. R. Co.*, 71 N. Y. 380; *Roe* v. *Strong*, 107 N. Y. 350.) The wrongful acts of defendants entitle plaintiff to an injunction whether its title to plot "A" was in severalty, or whether plaintiff and the defendant Jenkins were tenants in common. ( *Wood* v. *Phillips*, 43 N. Y. 152; Freeman on Co-tenancy, §§ 249–252; *Woods* v. *Early*, 95 Va. 307; *Weinmeister* v. *Ingersoll*, 47 Mich. 31; *Hawley* v. *Clowes*, 2 Johns. Ch. 122.)

*George S. Espenschied, S. M. Meeker* and *D. Meeker* for respondents. The legal title of defendants to the premises in question is complete and is sustained throughout by written evidence of the highest character, and the same is recorded and certified, and the source of their title being anterior to that of plaintiff and the deed through which it is derived having been first recorded, it follows that defendants' title is superior and paramount to that of plaintiff's, by reason not only of its priority of origin, but also by reason of its priority

of record.   (*Rayner* v. *Wilson*, 6 Hill, 469 ; *Jackson-Merrick* v. *Post*, 15 Wend. 588; *Hooker* v. *Pierce*, 2 Hill, 650 ; *Wood* v. *Chapin*, 13 N. Y. 509 ; *Ward* v. *Isbill*, 73 Hun, 550 ; *Clark* v. *Davis*, 28 Abb. N. C. 135 ; *Stevens* v. *Houser*, 39 N. Y. 302 ; *Dunham* v. *Townsend*, 118 N. Y. 281; *Clason* v. *Baldwin*, 13 N. Y. Supp. 681 ; *Wood* v. *Squires*, 1 Hun, 481; *Doughty* v. *Matzall*, 119 N. Y. 646 ; *Roberts* v. *Bergman*, 132 N. Y. 73.)

EDWARD T. BARTLETT, J.   This action was commenced in May, 1897, for an injunction restraining the defendants from entering or trespassing upon certain premises and for other relief ; it has been twice tried.   On the first trial the plaintiff recovered a judgment which was reversed by the Appellate Division and a new trial ordered.   (56 App. Div. 306.)   On the second trial a judgment was entered dismissing the complaint on the merits.   The Appellate Division, after modifying the judgment, affirmed it, without costs to either party ; from that judgment this appeal is taken.

This action involves the title to certain premises consisting of one and 78-100 acres of land on the shore of Pelham Bay or Long Island Sound in Westchester, New York city, formerly in Westchester county, and known and designated on certain maps of the premises as plot " A."

The plaintiff corporation has insisted throughout this litigation that it has a title in severalty to plot " A."   The defendant Jenkins, as sole surviving executor and trustee under the last will and testament of William Laytin, deceased, claims to be the owner of an undivided half interest in the premises, holding the same as tenant in common with the owner of the other half interest.

The trial court has found that William Laytin, the testator, on or about June 9th, 1858, acquired, with other property, an undivided moiety or half part of plot " A," and continued in the possession of the entirety thereof until his death in the month of November, 1874, at all times using and occupying said plot " A " and the bathhouse which was on the same at

the time he acquired it, and which remained there during his lifetime and thereafter until supplanted by a new one that is there now; that under the will of said William Laytin, which was duly admitted to probate by the surrogate of Westchester county, letters testamentary were issued to the defendant, John G. Jenkins, and others, who took possession of certain premises, including plot "A;" that the executors on May 1st, 1876, leased to Ellen L. Davidson certain premises, including plot "A," of which said lessee remained in continued possession until May 1st, 1893 ; that on or about the last-mentioned date said Ellen L. Davidson assigned her lease to one William B. Duncan, Jr., who took possession of said premises and used and occupied the same, including said plot "A," until the first day of May, 1896 ; that John G. Jenkins, the defendant, is the sole surviving executor and trustee under the said will, and as such he leased to the defendant, Frederick Lohbauer, on the first day of June, 1896, for a term of five years, certain premises, including plot "A ;" that the defendant, Frederick Lohbauer, took possession and occupied said premises, and resisted any interference with his possession attempted by the plaintiff, and sought always to prevent plaintiff or plaintiff's agents or employees, from trespassing thereon, until served with the injunction order obtained in this action.

The trial court found certain facts as to the defendant's complete chain of record title from John Ferris, the source thereof, who conveyed to one Robert Heaton on March 28th, 1792, which conveyance was recorded in Westchester county August 22nd, 1798. It is also found that William Laytin, in his lifetime, and his successors in title since his death, have been in actual possession of said premises in the entirety thereof from about June 9th, 1858, until on or about June 1st, 1896.

The plaintiff claims its source of title is under the will of one James Ferris, who died in 1783, but there is no recorded conveyance in that alleged chain of title until certain commissioners in a partition suit conveyed premises under a deed

dated February 20th, 1819, which was not recorded until 1857.

In view of the various opinions that have been written by the learned Appellate Division in the course of this litigation, we deem it unnecessary to discuss in detail the conveyances adduced by opposing counsel in support of these conflicting chains of title, but content ourselves with stating the conclusions we have arrived at after a careful reading of the record in order to ascertain if there is any evidence warranting the findings of fact and the conclusions of law based thereon.

This court held in *Greenleaf* v. *B., F. & C. I. R. R. Co.* (132 N. Y. 408, 414) as follows : " It is usually impossible to establish a very ancient possession of property by the testimony of persons having knowledge of the fact, and when a deed forming part of a chain of title is so ancient that there can be, in the nature of things, no living persons who can testify to acts of ownership by the grantor or grantee, it may be received in evidence without such proof. (*Jackson ex dem. Lewis* v. *Laroway*, 3 Johns. Cas. 283 ; *Jackson ex dem.* v. *Luquere*, 5 Cow. 221 ; *Hewlett* v. *Cock*, 7 Wend. 371 ; *Ensign* v. *McKinney*, 30 Hun, 249 ; *Rogers* v. *Allen*, 1 Camp. 309 ; *Doe* v. *Pulman*, 3 Ad. & El. [N. R.] 622 ; *Malcomson* v. *O'Dea*, 10 H. L. Cas. 593 ; *Bristow* v. *Cormican*, L. R. [3 App. Cas.] 641–668 ; *Gardner* v. *Granniss*, 57 Geo. 539 ; *Whitman* v. *Heneberry*, 73 Ill. 109 ; 1 Green. Ev. §§ 21, 144 ; 1 Whart. Ev. §§ 199, 733 ; 2 Phill. Ev. [Edw. ed.] 477 ; Best's Ev. § 499 ; 1 Taylor's Ev. [8th ed.] §§ 87, 665.) While under this rule the judgment in partition and the subsequent deed to John Emmons were admissible in evidence without proof of contemporaneous possession of the land by the parties to the judgment and deed, yet they are not sufficient evidence of title of one who claims under them through mesne conveyances to recover in ejectment, without showing some subsequent or modern possession by the parties who have received later deeds which go to make up the plaintiff's chain of title."

We are of opinion that the defendant Jenkins, as executor

and trustee, has adduced sufficient evidence to support the findings of fact upon which is based the conclusion of law " that the plaintiff has failed to establish any exclusive right to the premises described in the complaint as against the defendants."

In view of the issues as framed, and the course of the trial, a dismissal of the complaint is inevitable.

Assuming, without deciding, that the corporation plaintiff is a tenant in common with the defendant Jenkins as executor and trustee, the former was acting without warrant of law in its interference · with Lohbauer, the tenant of the defendant executor and trustee, for it is the duty of a tenant in common so to exercise his rights as not to interfere with those of his co-tenant. If tenants in common are unable to agree, the obvious remedy is a partition suit. If the plaintiff could have established his ownership of the premises in severalty, his remedy was ejectment.

The judgment appealed from should be affirmed, with costs.

CULLEN, Ch. J., O'BRIEN, HAIGHT, VANN, WILLARD BARTLETT and CHASE, JJ., concur.

Judgment affirmed.