### BUSSEY et al. v. DODGE.

1. Where the title of the plaintiff in a suit touching land has to be made out in order for him to recover, and it consists, according to his own showing, of a lengthy chain of conveyances, the record of a decree in favor of one of his predecessors in title aiding or supplying a particular link in the chain is competent evidence in his behalf, though the defendant in the suit on trial was not a party to the suit in which the decree was rendered. But although the record of the decree recite the perfect links in the chain and it was necessary for them all to appear in order to obtain the decree, the record will not suffice as against a stranger to prove any of these links; it will serve only to aid or supply the particular link which without the decree would be defective or absent. As to the other links the record of the decree indicates on its face the existence of better evidence than the decree affords, and this better evidence must be produced or accounted for.

2. Heirs who are shown by a decree to have no interest, can convey none save as against themselves and their privies, though the decree, for the purpose of estopping them and disarming them of all pretext of ownership, orders them to convey.

3. If the case of Dodge v. Spiers, 85 Ga. 585, was correctly decided, it was because the defendant therein, by introducing and relying on the deed to Colby, Chase and Crocker, subjected himself to be treated as in privity with their heirs, who were parties to the decree and against whom the decree itself established a perfect equity by requiring them to convey to the plaintiff. Except in so far as that case is supportable upon this distinction between it and the present case, it cannot be adhered to or followed.

August 29, 1894. Argued at the last term.    *Judgment reversed.*

Equitable petition. Before Judge SMITH. Dodge superior court. March term, 1893.

The object of the petition was, to obtain damages for the cutting of timber on land lot 137 in the 9th district of Telfair county, to enjoin defendants from further trespassing, and to require them to produce their title to be cancelled as fraudulent and void. There was a verdict for the plaintiff, and defendants moved for a new trial, which was denied, and they excepted. The abstract of title attached to the petition was: plat and grant from the State to Peter J. Williams; certified copy of a deed from Williams to Colby, Chase and Crocker, dated February 28, 1834, conveying said lot with others; affidavit of plaintiff as to loss of the original of this deed; decree of the United States circuit court of the southern district of Georgia, in the case of G. E. Dodge *v.* Briggs *et al.*, decreeing the title to said lot with others in G. E. Dodge; and deed from G. E. Dodge to plaintiff, conveying said lot with others, since that decree. The motion for new trial alleged, beside the general grounds, that the court erred in admitting in evidence the record in the case in which said decree was rendered, over objection that defendants were not parties nor privies thereto, and not bound by the recitals in the decree, and that said recitals were not evidence, the deeds mentioned therein being the highest and best evidence of their execution. The bill on which this decree was rendered was instituted by G. E. Dodge against Briggs, Hall and Sleeper, the heirs at law of Colby, Chase and Crocker, and many other defendants; it not appearing that the present defendants or any one under whom they claim were among said parties. The bill alleged that G. E. Dodge was the owner of large tracts of land including the lot in dispute in the present case; that his title originated in grants from the State to Peter J. Williams; deed from Williams to Colby, Chase and

Crocker, February 28, 1834; deed from Colby, Chase and Crocker, as agents of the Georgia Lumber Company, to said company, January 5, 1835; deed from Georgia Lumber Company to the State of Indiana, September 24, 1842; with various deeds, acts of the legislature, powers of attorney, etc., down to G. E. Dodge. There were allegations as to a conspiracy on the part of Briggs, Hall and Sleeper with persons claiming to be heirs at law of Colby, Chase and Crocker, to deprive complainant of the lands; that Briggs, Hall and Sleeper procured powers of attorney from said alleged heirs at law, and induced innocent and ignorant people to purchase lots of land or timber thereon; that many of the other defendants were persons who had been trespassing on the land and destroying and using the timber; etc. The decree set forth, that the deed made by Williams to Colby, Chase and Crocker, February 28, 1834, was taken by them as agents of the Georgia Lumber Company, and the lands therein mentioned paid for by money of said company, and Colby, Chase and Crocker, by their deed of January 5, 1835, conveyed to said company, under whom complainant claims title, all right, title and interest in said lands mentioned in the deed of Williams, as appears by said deed and the proofs made in this case; and neither Colby, Chase and Crocker nor their heirs, nor those claiming under them, have any title or interest therein, and Butler, Colby, or their agents or attorneys Hall, Briggs and Sleeper are not entitled in equity to claim, control or to interfere with said lands; and Butler and said heirs at law, and all the defendants to the bill claiming under them, are directed to execute their deed to complainant to all the right, title and interest which they or each of them have in the lands or any part thereof; that all the powers of attorney made by the heirs of Colby, Chase and Crocker or any of them, to Briggs, Hall and Sleeper or either of them, re-

lating to the lands or any part of them, and all deeds, leases and other conveyances by Briggs, Hall and Sleeper or any of them under such power of attorney, and any deeds, leases and other conveyances of said heirs at law or any of them to the land or any part thereof, are decreed to be cancelled as against the title of complainant; and that said heirs at law and their attorneys in fact, said Briggs, Hall and Sleeper and each of them, and Butler, and the agents of each and all of them, are perpetually enjoined from claiming the lands or any part thereof or attempting to convey the same, or leasing or encumbering or in any wise interfering with or trespassing upon the same.

E. A. SMITH, for plaintiffs in error.

DeLACY & BISHOP and HILL, HARRIS & BIRCH, *contra.*