[Sac. No. 585. Department One.—June 6, 1899.]

## W. H. WILLIAMS, Respondent, v. H. M. COOPER, Appellant.

EJECTMENT — EVIDENCE—FORMER JUDGMENT — TAX TITLE — AGENCY OF MORTGAGEE—SUBSEQUENT TITLE UNDER FORECLOSURE.—A mortgagee who represented the mortgagor merely as agent in the defense of a former action of ejectment brought against the mortgagor by the claimant of a tax title. is not bound by the judgment in favor of such claimant; and it cannot be used as evidence to prove title against him in a subsequent action of ejectment brought by him against the claimant of the tax title, after obtaining title under foreclosure of his mortgage.

ID.— FORECLOSURE OF MORTGAGE — PARTIES — ADVERSE CLAIMANT OF TITLE.—The claimant of a paramount and adverse tax title is not a necessary party to an action to foreclose a mortgage. His adverse claim cannot be tried in such action, if no question of equitable cognizance is presented; and his tax title cannot be affected by the title obtained by the mortgagee.

APPEAL from a judgment of the Superior Court of Colusa County and from an order denying a new trial. John F. Ellison, Judge.

E. B. & George H. Mastick, and E. A. Bridgford, for Appellant.

Edwin Swinford, Thomas Rutledge, and Swinford & Rutledge, for Respondent.

HAYNES, C.—Ejectment to recover possession of certain lots in the town of Williams, in the county of Colusa. Said action was tried by the court without a jury, the plaintiff had judgment upon the findings, and the defendant appeals therefrom and from an order denying a new trial.

The complaint is in the usual form and not verified. The answer denied each and every allegation of the complaint, and for a second defense alleged, in substance, that in 1890 William Miller, being then the owner of the demanded premises, mortgaged them to the plaintiff; that said premises were afterward sold by the tax collector of Central irrigation district for an assessment which became delinquent December 31, 1889; that defendant Cooper became the purchaser at said sale, and received the tax collector's deed therefor on March 26, 1891; that on May 25, 1891, Cooper, claiming title under said tax deed, and relying solely thereon, brought an action of ejectment against said Miller and against his tenants, Long, Kidd, and Peters; that Williams, the plaintiff here, for the protection of his interest as mortgagee, openly took substantial control of the defense of said action with the consent of the defendants therein, employed counsel, and conducted the defense in that court and in the supreme court, and paid the costs and expenses of said defense; that on August 6, 1892, this defendant (Cooper) obtained judgment in the superior court in said action that he had a good and valid title under said tax deed, and was entitled to the possession of said premises; that said judgment was affirmed by the supreme court on June 6, 1896, and this defendant was put in possession under a writ issued upon said judgment; that thereafter said Williams commenced an action against said Miller to foreclose his said mortgage, obtained a decree, that said lots were sold by the sheriff thereunder, and, after obtaining the sheriff's deed, commenced this action; that said deed constitutes plaintiff's only claim of title, and defendant pleads his said judgment in bar of this action.

The findings of the court were in accordance with the allegations of said second defense, except as to the participation and control of Williams in the defense of the said action of *Cooper v. Miller;* and in relation thereto found, in substance, that Williams' only participation or control of the defense was as agent for said Miller.

Upon the trial, Cooper did not offer or introduce his said tax deed in evidence, but put in evidence the judgment-roll in his said action of ejectment against Miller and certain evidence tending to sustain his allegation that Williams conducted the defense of that action, and had such interest in and relation thereto as that he became bound and concluded by said judgment.

Appellant's first proposition is, "that Williams, in effect, made himself a party defendant to the action of *Cooper v. Miller*, and is bound by the judgment therein."

1. As we have seen, the court found that Williams' participation in the trial of *Cooper v. Miller*, was as the agent of Miller, and not in the protection of his interest as mortgagee; but appellant contends that this finding is not justified by the evidence.

Williams, at that time, had no title to the property and was not in possession, and was, therefore, not a necessary or proper party defendant to the action of ejectment. That he had such an interest as would have authorized him to intervene in that action may be conceded, but he was not bound to do so.

Williams had been the agent of Miller in the collection of rents, payment of taxes and insurance, et cetera, and a portion of the rents was from time to time applied upon the mortgage he held upon the property. There was also evidence tending to show that he employed counsel to defend the action on the part of the tenants, and, to induce them to continue paying the rents to him, promised to protect them from a repayment to Cooper. He testified, however, that all that he did was as the agent of Miller, who was absent. It would serve no useful purpose to rehearse the evidence upon this point at greater length, for, conceding that the evidence was sufficient to justify a finding the other way, it was clearly sufficient to support the finding made by the trial court, and therefore we cannot disturb it.

2. Appellant's second contention is, that the judgment, sale, and deed in the foreclosure case of *Williams v. Miller* do not make out a title as against appellant, he not having been made a party to that action.

Cooper, however, was not a necessary party in Williams' suit to foreclose his mortgage. The record shows that the tax for

which the property was sold by the tax collector was delinquent
before the mortgage was executed by Miller to Williams; but
whether Cooper's tax title related back to the date when the
tax lien first attached, or to the date of its delinquency, or the
date of the sale, is immaterial, since the tax lien, whether it
antedated the mortgage or not, was, if valid, superior to the
mortgage; and it is not necessary to make a prior or superior
lienholder a party to the action to foreclose an inferior mort-
gage lien. Here, however, Cooper's claim was adverse and
paramount to that of the mortgagor, and he denied the efficacy
of the mortgage as a lien on his title, and therefore it was not
necessary to join him as a codefendant with the mortgagor.
"Such an adverse claim to the land in opposition to the mort-
gage cannot be tried in the equitable action to foreclose." (*Mc-
Comb v. Spangler*, 71 Cal. 418, 423; *San Francisco v. Lawton*,
18 Cal. 465; 79 Am. Dec. 187; *Ord v. Bartlett*, 83 Cal. 430;
*Emeric v. Alvarado*, 90 Cal. 470; *Cody v. Bean*, 93 Cal. 578;
*Sichler v. Look*, 93 Cal. 608, 609.)

Nor did the foreclosure, sale or sheriff's deed to Williams in
any way affect Cooper's title under his tax deed; but as Wil-
liams was not a party to the ejectment suit of *Cooper v. Miller*,
in which Cooper's tax title was adjudged to be valid, he was not
bound by that judgment, and Cooper's title, as against Wil-
liams, could not be proved by the production of the judgment
against Miller. Upon the question of the validity of the tax
title Williams was entitled to his day in court. It is quite true,
as held in the New York cases cited by appellant, that the fore-
closure did not divest Cooper of his title. Had he produced
his tax deed upon the trial of this case, and shown that it was
valid, if its validity was attacked, he must have prevailed in this
action; but as he did not produce his deed, but relied upon a
judgment by which Williams was not bound, he necessarily
failed to show title in himself.

Appellant cites *Cohen v. Solomon*, 66 Fed. Rep. 411, and
*Mendenhall v. Hall*, 134 U. S. 559, and remarks concerning
them: "So it is clearly held by these cases that the holder of
the tax title is a necessary and proper party, if his rights are to
be rendered subject to the mortgage." But appellant had al-
ready shown—what we fully concede—that the foreclosure does

not affect the tax title; meaning, of course, unless the tax title was in fact litigated therein. But I do not think that the above cases cited by appellant are authority for the proposition that, in cases such as the one at bar, the holder of the tax title is a necessary party; but, if it were otherwise, it would be dangerous, in the absence of legislative direction, to reverse a doctrine so long and distinctly adhered to by this court. But I do not think those cases decide that the holder of the tax title is a necessary party to the foreclosure case (unless under exceptional circumstances), but that he may be made a party and the tax title litigated therein.

In the first of these cases, after the foreclosure proceedings were commenced in the federal court, the holder of the tax title brought suit in the state court to quiet his title under the tax deed. By supplemental bill he was brought into the federal court—which had first obtained jurisdiction of the *res*—and compelled to litigate his title in the foreclosure case. This, under the circumstances, was necessary to avoid a conflict of jurisdiction, and the court based its action upon that ground.

In *Mendenhall v. Hall, supra,* the holder of the tax title was made a party to the foreclosure case upon an allegation in the bill that the mortgagor and the holder of the tax title colluded to defeat the mortgage by suffering the taxes to become delinquent, and thus creating a title free from the mortgage; thus presenting a question of equitable cognizance, which could be properly litigated in the foreclosure suit, since, if the collusion were shown, it would be immaterial whether the tax deed was otherwise valid or not.

No other questions are made or discussed. I advise that the judgment and order appealed from be affirmed.

Chipman, C., and Britt, C., concurred.

For the reasons given in the foregoing opinion the judgment and order appealed from are affirmed.

Van Dyke, J., Garoutte, J., Harrison, J.