[L. A. No. 1881.   Department Two.—July 16, 1907.]

# WILLIAM CHAPMAN, Appellant, v. O. A. MOORE et al., Respondents.

QUIETING TITLE—ABATEMENT—PRIOR ACTION PENDING.—In an action to quiet title to a specific tract of land, a plea in abatement of another action pending as to certain of the defendants is sufficiently sustained, and justifies the dismissal of the action as to them, by the introduction in evidence of the record of a prior pending action brought by the same plaintiff to quiet title to the same tract of land against such defendants.

ID.—TAX-DEEDS—BAIRD V. MONROE, 150 CAL. 560, APPROVED.—The various grounds urged against the validity of the tax-deed involved in this action are held to be untenable, and the validity of the deed is sustained, on the authority of *Baird* v. *Monroe,* 150 Cal. 560, and *Carter* v. *Osborn,* 150 Cal. 620.

SUMMONS—AFFIDAVIT FOR PUBLICATION—SHOWING OF DILIGENCE.—On a collateral attack, an affidavit for the service of summons by publication, on the ground that the defendant could not with due diligence be found in the state, which fails to state what information the affiant received concerning the whereabouts of the defendant from those of whom he inquired concerning him, is not fatally defective, if from the other facts stated in the affidavit it could be reasonably inferred that such inquiries to ascertain the whereabouts of the defendant were unavailing.

ID.—STATEMENT OF INFORMATION AS TO DEFENDANT'S WHEREABOUTS.—Within the purview of the foregoing rule, such an affidavit is sufficient if it states that the defendant could not be found in the state after diligent search made therein for him by affiant, and that such diligent search consisted of making inquiries of each and every person from whom he had reason to believe he would receive knowledge of the whereabouts of the defendant, followed by a statement of the persons of whom he made inquiries and why he expected them to know of his whereabouts.

ID.—JUDGMENT — ADMISSIBILITY AGAINST THIRD PERSONS — LINK IN CHAIN OF TITLE.—While it is a general rule that judgments bind only parties and privies, there is an exception to the rule universally recognized which sustains their admissibility, for certain purposes, against third parties who are neither parties nor privies. This exception is that the judgment rendered in an action involving title to property, and in which it is determined that the title is in one of the parties to the action, is admissible in evidence in behalf of the party claiming under the judgment, and subsequently asserting a claim to the property affected by it as a link in his chain of title, although such judgment would not be conclusive on the party against whom it is offered, because he was not a party or privy

thereto. It is admissible in evidence, not for the purpose of defeating or affecting any claim of title of a party who was not a party or privy to such judgment, but solely as a muniment in an asserted title.

APPEAL from a judgment of the Superior Court of Los Angeles County and from an order refusing a new trial. N. P. Conrey, Judge.

The facts are stated in the opinion of the court.

Charles Lantz, for Appellant.

William Chambers, for Respondents.

LORIGAN, J.—This action was originally commenced by M. M. Davis, as plaintiff, and subsequent to its commencement the present plaintiff, William Chapman, was substituted in the superior court for said Davis as plaintiff.

The action was brought to quiet title to lot 4 in block "C" of the Sunset Tract in the city of Los Angeles, the plaintiff making the usual allegations of ownership of the property, and the defendants asserting claims thereto adverse to him.

The defendant O. A. Moore in her answer denied the alleged ownership of plaintiff, and asserted ownership of the lot to be in herself; the defendants Strohm, in a separate answer, also denied the ownership of plaintiff, and asserted that the defendant Susan Strohm was the owner of the property. These latter defendants also pleaded in abatement of the present action the pendency of a prior action brought against them by M. M. Davis to quiet title to this same lot.

Upon the trial the court found in favor of the defendants Strohm on their plea of abatement; found also that plaintiff was not the owner of the property, and entered judgment that the action abate as to the Strohms, and in favor of O. A. Moore for her costs.

Plaintiff appeals from the judgment and an order denying a motion made by him for a new trial.

On the trial of the cause the only evidence presented upon the issue of ownership of the property was that offered by the plaintiff. No evidence was offered by the defendants at all, save by the Strohms in support of their plea in abatement.

As grounds for a reversal it is insisted by appellant that the court erred in sustaining the plea of abatement interposed by the Strohms, that it erred also in rejecting certain evidence offered by plaintiff, and that the finding of the court that plaintiff was not the owner of the property in dispute was not justified by the evidence.

As to the plea in abatement. This was the first issue tried by the court. In support of it the Strohms offered in evidence the record in the suit of M. M. Davis *versus* B. E. Ninde, Samuel Strohm, Susan Strohm, William Patterson et al., which showed that a suit to quiet title to the same lot involved in the action then on trial was commenced February 3, 1903, (the complaint in this action was filed August 27, 1904,) and was then pending as to the said defendants Strohm. This was the only evidence offered, and at its conclusion a motion was made on behalf of said defendants Strohm, on such showing, to have this action as to them dismissed, which was granted. The showing was sufficient to sustain the plea, and upon it the Strohms were entitled to have the subsequent action against them abated. (Code Civ. Proc., secs. 430 (subd. 2), 433.)

The Strohms by this order of the court having been dismissed from the case, the trial then proceeded between the plaintiff and the defendant Moore.

To sustain his title against her, plaintiff offered in evidence, among other documents, a certificate of sale of said property made July 3, 1895, to the state of California for state and county taxes for the year 1894; a deed of said property, dated July 6, 1900, from the county tax-collector to the state of California for said taxes; also a deed of said property from said tax-collector to plaintiff, dated September 21, 1901, made pursuant to an authorization of the state controller to sell said land. The court refused, upon defendants' objection, to admit such instruments in evidence, and this ruling is assigned as error. In the briefs of respondent no grounds are suggested in support of the ruling and no specific objections are urged against the validity of these several tax-sale instruments. Counsel for respondent simply says: ''The questions as to the validity of this state deed involved in this action are the same as those now before the supreme court in the case of Barrett [which should have been Baird] *versus* Monroe, Los Angeles No. 1623. . . .'' The case of *Baird* v. *Monroe*, 150 Cal. 560,

[89 Pac. 352], had not been decided by this court when the briefs in this present appeal were filed, but it has been since, and the various grounds urged against the validity of a tax-deed there involved, similar to the one in question here, were deemed untenable and the validity of the deed sustained. It is unnecessary to refer here to the objections urged against the deed considered in that case, or to restate the grounds upon which the court sustained its validity, as they will fully appear from an examination of the decision rendered. (*Baird* v. *Monroe*, 150 Cal. 560, [89 Pac. 352]. See, also, *Carter* v. *Osborn*, 150 Cal. 620, [89 Pac. 608].) It follows, therefore, that the trial court erred in refusing to admit in evidence the tax-deed offered by plaintiff.

The only other questions presented upon this appeal involve the validity of a certain judgment and its effect, if valid.

It was stipulated on the trial that a certain deed, dated and recorded in October, 1887, conveyed title in fee to the lot of land in controversy here to one Walter Patterson. Such admission being made, the plaintiff offered in evidence a judgment-roll in a suit brought by M. M. Davis, the predecessor of plaintiff, *versus* B. E. Ninde, Samuel Strohm, Susan Strohm, and Walter Patterson (the same action heretofore referred to as pleaded in bar by the Strohms), which showed that an action to quiet title to this same property was commenced by Davis against the defendants by complaint filed February 3, 1903; that an affidavit and order for publication of summons on one of the defendants—Walter Patterson—were subsequently made and filed and service of the summons made upon said Patterson by publication; that the default of Patterson was subsequently entered, and thereafter, on April 4, 1904, a decree was entered quieting the title of said Davis to said lot against the said defendant Patterson. No objection was offered to the admission of the judgment-roll, and it was received in evidence. The plaintiff supplemented this offer by proof of a conveyance of the lot in controversy from M. M. Davis to himself, and rested his case.

It is insisted by appellant that this showing—the admission of title in Patterson at a given date, the decree quieting title subsequently obtained against Patterson by plaintiff's predecessor Davis, and the conveyance of Davis to himself—

sustained his claim of ownership to the property against the defendant Moore, and the finding of the court that he was not such owner was not justified by the evidence.

This claim of appellant is, in our judgment, unquestionably true, unless, as insisted by respondent, the decree quieting title to the lot in question against Patterson in the case just referred to is void, or unless there is some merit in the position of respondent, that, even if valid, the decree was not available to plaintiff as a muniment of title against her.

Now, as to the validity of the decree. The order for service of summons upon the defendant Patterson by publication was based on an affidavit of the attorney for Davis purporting to make out a sufficient showing that defendant Patterson, at the time when the service of summons was sought to be made upon him, could not with due diligence be found in the state of California. It is contended by respondent, and this is the only point made as to the sufficiency of the affidavit, that while it shows that the affiant made inquiries to ascertain the whereabouts of Patterson it does not appear what information he got from those of whom he made the inquiries; that for all the affidavit shows these persons may have informed him that Patterson was residing in Los Angeles or somewhere in the state; that a statement of the result of his inquiries in the affidavit was essential to warrant an order of publication; that without it the court had no jurisdiction to make the order, and the order for the service of summons and the service under it and the decree were all void.

It is true, as claimed by respondent, that the affidavit fails to state what information the affiant received concerning the whereabouts of Patterson from those of whom he inquired concerning him. But in the case of *Ligare* v. *California S. R. R. Co.*, 76 Cal. 610, 612, [18 Pac. 777], it was held that such an omission was not fatal, if from the other facts stated in the affidavit it could be reasonably inferred that such inquiries to ascertain the whereabouts of the defendant were unavailing. In the case at bar the affidavit, in so far as it bears upon the point involved, stated that Walter Patterson could not be found in the state of California after diligent search made therein for him by affiant; that such diligent search consisted of making inquiries of each and every person from whom he had reason to believe he would receive knowledge of the where-

abouts of Patterson. Then follows a statement of the persons of whom he made inquiries and why he expected them to know of his whereabouts. In the case cited the affidavit under consideration there contained the same statements, but, like the case at bar, failed to state what the result of the inquiries was. It was held, however, that the affidavit was sufficient, the court saying: "It is argued that the affidavit for publication was insufficient on the question of diligence. The code provides that service may be made by publication (among other cases) where the person on whom it is to be made 'cannot, after due diligence, be found within the state.' (Code Civ. Proc., sec. 412.) The affidavit in question first states that certain defendants, among whom is the plaintiff here, 'have been sought for to obtain service of summons thereon, but, *after diligent search and inquiry, cannot be found within the state.*' It then goes on to show what kind of search and inquiry have been made, viz. that the affiant 'has made inquiry *of all persons from whom he could expect to obtain information* as to the residence of said defendants.' It is not expressly stated what was the result of these inquiries. But the statement must be read in connection with what preceded it, viz. that after inquiry the said defendants 'cannot be found within the state.' And so reading it, we think it is to be inferred that the inquiries were fruitless.'' The court held the decree attacked in that case for insufficiency of the affidavit of publication valid against a collateral attack such as is made here, and upon the authority of that case the affidavit here must be held sufficient and the decree quieting title to the lot in question in favor of Davis and against Patterson to be valid.

Now, as to the effect of the decree. While respondent has contended here, though ineffectually, that the decree is void, he also insists that, even if valid, the trial court properly rejected it when offered as constituting a muniment of title in behalf of plaintiff against the defendant; that the decree was only conclusive against Patterson and parties in privity with him having notice of the judgment (Code Civ. Proc., sec. 1908, subd. 2), and did not affect the rights of the defendant Moore. And it is asserted by respondent in his brief that this was the view taken by the trial court. If so, it was incorrect.

While the general rule undoubtedly is that judgments bind only parties and privies, still there is an exception to the rule

universally recognized which sustains their admissibility against third parties who are not parties or privies to the judgments for certain purposes. This exception is that the judgment rendered in an action involving title to property, and in which it is determined that the title is in one of the parties to the action, is admissible in evidence in behalf of the party claiming under the judgment, and subsequently asserting a claim to the property affected by it as a link in his chain of title, although such judgment would not be conclusive on the party against whom it is offered because he was not a party or privy thereto. It is admissible in evidence, not for the purpose of defeating or affecting any claim or title of a party who was not a party or privy to such judgment, but solely as a muniment in an asserted title.

In *Barr* v. *Gratz's Executors,* 4 Wheat. 213, the rule is stated: "It is true that, in general, judgments or decrees are evidence only in suits between parties and privies. But the doctrine is wholly inapplicable to a case where the decree is not introduced as *per se* binding upon any rights of the other party, but as an introductory fact to a link in the chain of plaintiff's title and constituting a part of the muniments of his estate. . . . To reject the proof of the decree would be, in effect, to declare that no title derived under a decree in chancery, was of any validity except in a suit between parties and privies, so that in a suit by or against a stranger, it would be a mere nullity. It might with as much propriety be argued that the plaintiff was not at liberty to prove any other title deeds in this suit, because they were *res inter alios acta.*" To the same effect are the cases of *Kurtz* v. *St. Paul and D. R. Co.,* 65 Minn. 60, [67 N. W. 808] ; *Gage* v. *Goudy,* 141 Ill. 215, [30 N. E. 320] ; *Railroad Equip. Co.* v. *Blair,* 145 N. Y. 607, [39 N. E. 962] ; *Bussey* v. *Dodge,* 94 Ga. 584, [21 S. E. 151] ; *Skelly* v. *Jones,* 70 N. Y. Supp. 447, [61 App. Div. 173]. (See, also, 24 Am. & Eng. Ency. of Law, p. 757; Freeman on Judgments, sec. 416.)

These authorities declare the exception to the general rule to be well established that a party claiming under a judgment is entitled to prove it as a muniment in his chain of title, and we content ourselves simply with a reference to them, as nothing to the contrary is cited by respondent.

Applying this rule, then, to the effect of this judgment considered with the other proofs of title made by appellant, it is clear that the finding of the court complained of was not justified by the evidence. It was conceded on the trial that in 1887 the legal title to the lot in controversy was in Walter Patterson, and the presumption is that the legal title continued in him until it was shown that he had conveyed it, or that in some way it had become extinguished or his title defeated or barred. It was defeated and barred by the judgment obtained by Davis, the predecessor of plaintiff, against Patterson in 1894. As between these two it was there adjudged that the legal title, conceded, and theretofore presumed to continue, in Patterson, was, as against him, in Davis, and such adjudication was as effective evidence of title to the property in the latter, and as conclusive of any claim of Patterson or his privies, as if Patterson had made him a conveyance of it by deed. A deed from Patterson to Davis would have been conclusive evidence against Patterson that legal title had in fact been transferred to Davis by him, and of course would be admissible as a link in the asserted claim of plaintiff of title to the property. So with the judgment. As it was as effective against Patterson's claim of title as if he had made Davis a deed to the property, it was, under the rule heretofore stated, admissible for the same purpose that his deed would have been —as a muniment of title. Being so admissible, it, with the previous concession of legal title in Patterson and the presumption arising therefrom, together with the conveyance from Davis to plaintiff, established in him *prima facie* title to the property, which in the absence of any evidence of title in the defendant would have warranted a judgment in his favor against the defendant Moore, and the finding of the court in the face of this *prima facie* showing that plaintiff was not the owner was not justified by the evidence. These are the only points made in the case, and for the reasons given the judgment and order denying the motion of appellant for a new trial are reversed, with costs on appeal to appellant, and affirmed as to the Strohms, with costs in their favor.

McFarland, J., and Henshaw, J., concurred.