[Civ. No. 4238. Third Appellate District.—February 5, 1931.]

MARY E. SCOTT, Respondent, v. JULIA P. WARDEN et al., Defendants; CARRIE W. PETERSON, Appellant.

J. Everett Brown for Appellant.

John B. Haas and John D. Home for Respondent.

MR. JUSTICE THOMPSON (R. L.) Delivered the Opinion of the Court.—This is an appeal from a decree quieting title to an unimproved lot at Hermosa Beach, valued at $600.

In February, 1922, Sarah W. Hughes and A. S. Hughes, husband and wife, owned lot 89, Walter Ransome Company's Venable Place of Los Angeles County according to the map of that tract recorded in book 9 of maps, page 150, Los Angeles records. February 6, 1922, the plaintiff purchased that lot from these owners, on contract, for $600. The deed of conveyance was not executed. Upon refusal to convey the property pursuant to contract, a suit for specific performance was commenced by the plaintiff in November, 1923. The allegations of the complaint were controverted. The action was tried. On January 22, 1925, a decree was rendered in favor of the plaintiff directing a conveyance of the property. This decree provided that in the event the defendants failed or refused to execute and deliver a deed of conveyance to the lot within thirty days from the date thereof, the clerk of the court "is hereby constituted a commissioner of this court to make a good and sufficient deed in compliance with this judgment and deliver the same to the plaintiff herein". This deed was not executed or delivered. But the decree remains in full force and effect.

Based upon this decree the plaintiff instituted this suit to quiet title. The complaint contains two counts. The first is founded upon a claim of ownership based upon record title. The second alleges title by adverse possession. The defendant Carrie W. Peterson denies the allegations of the complaint and affirmatively asserts she is the owner of the lot and is entitled to the possession thereof, praying that the title be quieted in her.

At the trial the plaintiff made an ineffectual effort to prove adverse possession. The evidence as to this issue will not support the findings and judgment. The plaintiff never actually occupied the property. No improvements

were made. The evidence as to the payment of taxes for the statutory period is unsatisfactory and we think insufficient.

The evidence of plaintiff's record title consists solely of the decree against the former owners, Sarah W. Hughes and A. S. Hughes, directing them to execute and deliver to the plaintiff a deed of conveyance to the lot in question. Upon this decree the plaintiff relies.

The only evidence of title in the defendant Peterson consists of a void tax deed executed April 22, 1924, by the tax collector of the city of Hermosa Beach. This deed was executed to Julia P. Warden, who purchased the lot at a tax sale for delinquent municipal improvement assessments for electric lighting equipment authorized and installed pursuant to the provisions of the Municipal Improvement Act of June 6, 1913. (Stats. 1913, p. 421.) Warden executed a quitclaim deed to defendant Peterson November 10, 1926.

The court found that this delinquent assessment deed was void and that it conveyed no title to the appellant. The court further found that the plaintiff was the owner and entitled to the possession of the lot in question, both as the record owner of the title and also by virtue of adverse possession. A decree was accordingly entered in favor of the plaintiff quieting the title in her. From this judgment the defendant Peterson has appealed.

It must be conceded there is no substantial evidence to support the findings and judgment on the theory of adverse possession. ■ To support a claim of title by adverse possession five elements must concur: (1) Actual, open and notorious occupancy of the land by the claimant, (2) acts and conduct on his part hostile to the real owner's title, (3) open and notorious claim of title, (4) continuous and uninterrupted occupancy accompanied by acts and a claim of title adverse to that of the real owner for the statutory period of five years, and (5) payment of all taxes levied or assessed against the land during the statutory period of five years. (1 Cal. Jur. 522, sec. 22; 1 R. C. L. 700, sec. 13.) ■ No presumption of adverse possession prevails in the present case for the reason that the lot was unimproved. It was not protected by a substantial inclosure. It was not cultivated. These elements are necessary to create a presumption of possession. (Sec. 325,

Code Civ. Proc.) The mere clearing of old cans, debris and weeds from the land on one occasion will not suffice to furnish evidence of cultivation or improvements such as the statute requires. The issue as to adverse possession was therefore not sustained.

■ The evidence is adequate to support the findings to the effect that the appellant's tax deed is void and that her claim of an interest in the real property by virtue thereof is without merit. This tax deed, which was admitted in evidence over the objection of the plaintiff, appears on its face to be void. It is in conflict with the statute authorizing the improvements, for which the assessment was levied, the nonpayment of which led to the sale and execution of the tax deed. December 5, 1922, the city council of Hermosa Beach adopted a resolution authorizing that city to levy assessments upon the property included therein for the construction of electric lighting apparatus and equipment for municipal purposes pursuant to the Statutes of 1913, page 421. This statute authorizes municipalities to install and equip appliances with which to serve the inhabitants with water, electricity or gas for public utility purposes, "provided, however, that the maintenance of appliances or the furnishing of electric current, gas or other illuminating agent, shall be for a period stated in the resolution of intention, *but not exceeding two years*". In violation of the foregoing limitation of authority of the city council to provide for the "furnishing of electric current . . . for a period . . . not exceeding two years", the appellant's deed on its face shows that "The Board of Trustees of said City of Hermosa Beach . . . did on the 5th day of December, 1922, duly pass and adopt a resolution . . . to order the necessary posts, wires and appliances to be installed, and electric current to be *furnished for the period of twenty years,* for lighting of Lighting District No. Two in said City of Hermosa Beach. . . . " This authorization is in violation of the express limitation of the statute. The terms of the deed which clearly show this violation of the statute render it void.

■ All provisions relating to the sale of property for delinquent taxes or assessments are *in invitum.* Every essential step of the statutory proceedings leading to the execution of the tax deed must be strictly followed or the

instrument will be rendered void. (*Numitor Gold Min. Co.* v. *Katzer,* 83 Cal. App. 161 [256 Pac. 464]; 24 Cal. Jur. 324, sec. 296.) In the present case no evidence was adduced as to the regularity of the proceedings required by statute leading to the sale of the property for delinquent assessments. Regardless of this omission, the deed appears upon its face to be void. The appellant is therefore left with no evidence of title whatever.

The appellant complains because the decree quieting title in the plaintiff, was not rendered subject to the repayment of the small sum of money which she claims to have paid for the tax deed which she received.

■ In an equitable action, maintained by the owner of property, to quiet title against the possessor of a void tax title deed for fatal irregularities in the proceedings which resulted in a sale for delinquent taxes, the decree quieting title in the owner should be rendered subject to reimbursing the purchaser of the tax title "the full amount of taxes, penalties and costs paid out and expended by him." (Sec. 3898, subd. 5, Pol. Code; *McPhail* v. *Nunes,* 48 Cal. App. 383, 387 [192 Pac. 95]; *Holland* v. *Hotchkiss,* 162 Cal. 366 [L. R. A. 1915C, 492, 123 Pac. 258]; *Smith* v. *Golden State Syndicate,* 43 Cal. App. 346 [185 Pac. 209].) A different rule prevails where suit is brought by the holder of a tax deed and the owner of the record title merely defends his own title. (*Coleman* v. *County of Los Angeles,* 180 Cal. 714 [182 Pac. 440]; *Gramson* v. *Geniella,* 209 Cal. 610 [289 Pac. 817].) ■ In the present case, however, there was no proof that the appellant paid any sum for taxes, penalties or costs upon acquiring the tax deed. In the absence of evidence of the actual payment of such taxes the holder of a void tax deed may not complain of a failure to make the decree quieting title conditional upon reimbursing him for the taxes paid. There is therefore no error in the decree on that account.

■ It is a cardinal doctrine of law that the plaintiff in a suit to quiet title must prevail on affirmative proof of the validity of his own title rather than upon the weakness of the title of the defendant. (22 Cal. Jur. 167, sec. 42.)

■ The plaintiff has sustained this burden of proof in the present case. It was unnecessary to prove the entire chain of title since both parties to the action rely upon the same

source of title. (*Denning* v. *Green,* 88 Cal. App. 379 [263 Pac. 819].) The plaintiff purchased the lot in question from Sarah W. Hughes and A. S. Hughes in February, 1922. The tax title deed under which the appellant claims title was executed April 22, 1924, for delinquent assessments for municipal improvements founded upon the resolution of the city council of Hermosa Beach which was adopted December 5, 1922. The assessment became a lien on the property subsequent to that date. This delinquent assessment for the nonpayment of which the property was sold and pursuant to which the tax deed under which the appellant claims title was executed, accrued while Sarah W. and A. S. Hughes, the owners of the lot under whom the plaintiff claims title, held the record title and while the plaintiff held the equitable title thereto under her contract of purchase. Therefore both parties to this action rely upon title emanating through the same individuals.

█ Instead of a deed of conveyance the plaintiff relies upon her decree of specific performance which provides for an actual conveyance of title to her. This decree is equivalent to the possession of a deed of conveyance and establishes a *prima facie* case of title in the plaintiff. (*Chapman* v. *Moore,* 151 Cal. 509, 515 [121 Am. St. Rep. 130, 91 Pac. 324]; 51 C. J. 283, sec. 281; *Lockwood* v. *Meade Land & Cattle Co.,* 71 Kan. 739 [81 Pac. 496]; *Woolworth* v. *Root,* 40 Fed. 723; affirmed, *Root* v. *Woolworth,* 150 U. S. 401 [37 L. Ed. 1123, 14 Sup. Ct. Rep. 136, see, also, Rose's U. S. Notes].) In 51 C. J., page 283, it is said: "Where the decree includes an order for defendant to convey to plaintiff whatever interest he may have in the realty involved, it of course affects a transfer of title as effectually as a voluntary conveyance."

█ The appellant contends that since she was not a party to the action wherein the judgment for specific performance was rendered upon which the plaintiff relies, she is therefore not bound thereby. It is true that since the appellant was not a party to that suit, the judgment would not furnish evidence to defeat any valid title which she might possess. But the appellant had no title. The only instrument upon which she relied was a void tax deed. It is not a question as to whether plaintiff's title is superior to that of the appellant. It is only a question as to whether

the decree in the specific performance suit furnishes any evidence of plaintiff's title. If it does, it is competent testimony in the present case, regardless of the fact that the appellant was not a party to that action. The decree directing conveyance of the property to the plaintiff, constitutes a muniment of title which is *prima facie* evidence of her ownership and right of possession. In the absence of any evidence to the contrary, it will prevail. The decree is valid and binding. The mere omission to perform the ministerial duty of actually executing and delivering the deed required by the decree in nowise affects the plaintiff's title under the facts of this case.

Under circumstances similar to those of the present case it was held in *Chapman* v. *Moore,* 151 Cal. 509 [121 Am. St. Rep. 130, 91 Pac. 324, 326], that a decree quieting title in one of the parties to a former action was competent evidence, not to defeat any title which his adversary might possess, but as a muniment of title which established a *prima facie* case. It is there said: "While the general rule undoubtedly is that judgments bind only parties and privies, still there is an exception to the rule universally recognized which sustains their admissibility against third parties who are not parties or privies to the judgments for certain purposes. This exception is that the judgment rendered in an action involving title to property, and in which it is determined that the title is in one of the parties to the action, is admissible in evidence in behalf of the party claiming under the judgment, and subsequently asserting a claim to the property affected by it as a link in his chain of title, although such judgment would not be conclusive on the party against whom it is offered because he was not a party or privy thereto. It is admissible in evidence, not for the purpose of defeating or affecting any claim or title of a party who was not a party or privy to such judgment, but solely as a muniment in an asserted title."

There is nothing in *Williams* v. *Cooper,* 124 Cal. 666 [57 Pac. 577], or *Snodgrass* v. *Errengy,* 86 Cal. App. 664 [261 Pac. 497], upon which the appellant relies, in conflict with the foregoing.

It follows that the plaintiff Scott having established *prima facie* evidence of her title to the property in question, since there is no evidence to the contrary and the

appellant has no title, judgment was properly rendered quieting title in the respondent. The findings and judgment to the effect that the plaintiff is the owner and entitled to the possession of the lot in question are adequately supported by the evidence.

The judgment is affirmed.

A petition for a rehearing of this cause was denied by the District Court of Appeal on March 6, 1931, and a petition by appellant to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on April 6, 1931.