[Civ. No. 7623. Third Dist. Nov. 7, 1949.]

J. R. MANUEL, Appellant, v. CLARA E. KISER et al.,
Respondents.

Francis H. Frisch and Tom W. Hanrahan for Appellant.

David R. York and Palmer & York for Respondents.

PEEK, J.—By his first cause of action plaintiff sought reformation of a deed dated February 13, 1923, by which the defendant Kiser as grantor conveyed to him certain real property near the city of Calistoga in the county of Napa. The basis for his claim being the alleged mutual mistake of said parties in the description of the property, and that Kiser intended to sell and he intended to buy certain property located partly within Lot 1 of Section 32 and partly within Lot 2 of Section 32 but that because of said alleged mistake he received a deed wherein the property was described as being in Lot 1 of Section 32. His second cause of action was founded upon his alleged adverse possession of the property for the statutory period. The third cause of action was predicated upon his alleged prescriptive right to a spring arising on the land in question. The defendants Kiser and the Reeders jointly answered the complaint denying generally the allegations thereof and affirmatively alleging that the Reeders were the owners of said property by reason of a subsequent deed from the defendant Kiser; that plaintiff was guilty of laches; that Kiser and the Reeders would be prejudiced thereby; that plaintiff's action was barred by subdivision 4 of section 338 of the Code of Civil Procedure since they allege he had full knowledge of all of the facts set forth in his complaint at the time of the execution of the 1923 deed. Lastly the Reeders, on their own behalf, affirmatively allege that by

reason of an action filed by them on August 14, 1945, their title was adjudged to be free and clear of any claim of plaintiff and that said judgment is res judicata as to the questions raised in plaintiff's complaint.

At the conclusion of the trial the court found generally in favor of defendants and judgment was entered accordingly. Plaintiff's motion for a new trial was denied and this appeal followed.

Plaintiff's attack is directed primarily at the sufficiency of the evidence to sustain the findings, and in particular (1) that as the evidence relating to the property which was intended to be transferred was uncontradicted the court erred in finding that there was no mutual mistake in the execution of the original deed; (2) that since it also was uncontradicted that he had been in continuous possession of the property from the date of the execution of said deed the court erred in finding that he had not acquired a prescriptive right to the spring, and (3) that as Reeder's testimony conclusively showed his knowledge of plaintiff's use of the spring and possession of the property the court further erred in finding that plaintiff was barred by the proceedings instituted by the Reeders under section 749 of the Code of Civil Procedure.

The record shows without contradiction that plaintiff stated to defendant Kiser he desired to purchase certain property from her but only because of a spring which was located thereon and which was the only spring on said defendant's property. Said property adjoined that owned by the plaintiff and upon which he resided. Following their discussion concerning the proposed sale of the property a deed was prepared in words and figures as follows:

"All that certain real property situated in the County of Napa, State of California, bounded and described as follows, to-wit:

"Lot number One (1) in Section Number Thirty-two (32) Township Nine (9) North Range Six (6) West, Mount Diablo Meridian, containing Fourteen and 60/100 (14.60) acres of land, more or less.

"Being the same land and understood as such, as being lands deeded by Amos Simmons and his wife, Martha Simmons to Lewis A. Birdsall, deeded July 11, 1881 in which deed the water on said land was particularly mentioned and are so particularly mentioned in this Deed and considered a part of the same."

The deed was executed on February 13, 1923, and was recorded in the office of the County Recorder of Napa County on February 19, 1923. Shortly thereafter appellant expended considerable money in developing the spring. He tunneled under the spring, built a reservoir which was lined with concrete, and ran a pipe line from the reservoir to his house which is situated approximately 400 feet to the south of the spring. Plaintiff also fenced such portions of the property as were not too precipitous. It appears that except for the spring the land was practically useless and of small value.

The defendant Kiser testified that the plaintiff ". . . wanted a piece of land with some water on it, and I didn't know what piece of land the water was on"; that she did not "know what piece of property that was on"; that the spring referred to was the only spring on her land that she "knew of"; that if there was another she did not know it; that "he got his own deed made out and I signed it."

On July 5, 1945, more than 22 years after the execution and delivery of the first deed, the respondent Kiser by a second deed conveyed certain contiguous parcels of property, including that upon which the spring was located, to the defendants Reeders. Approximately one month after this conveyance the Reeders instituted an action under section 749 of the Code of Civil Procedure against "ALL PERSONS UNKNOWN" and on October 26, 1945, obtained a default decree quieting their title as against such unknown persons.

It further appears from the records of the Superior Court in and for the County of Napa, in which court said action was heard as a default, that there was no appearance on behalf of any defendant; that the service of process was by publication in a newspaper published in Calistoga and by posting at one place on the property, and that Lowell Palmer, one of the attorneys appearing for the Reeders was the only person called on behalf of the defendants.

The appellant, who was neither named nor personally served in said action testified in the instant case that although he had discussed the error in the deeds with the Reeders he did not know of the quiet title action by them until the judgment therein was pleaded as a defense in the present action, at which time it was too late for him to move to set aside the decree under section 473 of the Code of Civil Procedure.

Under cross-examination the defendant Kiser stated that at the time of the sale to defendants Reeders she said nothing

to them and they did not ask concerning the spring. Defendant Reeder testified that he only knew of the spring from an examination of a map subsequent to his purchase. He further testified that on several occasions he had ridden over the property in question; that a trail which started at Manuel's house led to the spring; that he had observed the reservoir and the pipe line from it which he stated "went on down the hill into Manuel's."

Viewing the above evidence in the light most favorable to respondent as we must, it is nevertheless apparent that there is no evidence to sustain the finding of the trial court that the deed was not the result of a mutual mistake and that appellant was not in actual, open and notorious possession of the property upon which the spring was located. Such evidence discloses without contradiction that appellant and respondent Kiser mutually understood and intended that they were dealing with respect to the property upon which the spring was located and not with reference to any other property. The evidence also shows without contradiction that the description in the deed which was intended to convey said property to appellant did not describe the property so intended to be conveyed but described other property instead. Whatever the cause of the mistake or whoever prepared the deed is immaterial in view of the undisputed intention of the parties that said deed was intended to actually convey the property on which the spring was located. (*Lestrade* v. *Barth,* 19 Cal. 660.) Appellant was therefore entitled to have said deed reformed in order to give effect to the actual intent of the parties as disclosed by the uncontradicted evidence. (*Williams* v. *Hebbard,* 33 Cal.App.2d 686, 690 [92 P.2d 657]; Rest., Contracts, §§ 504 et seq.)

By reason of our conclusion in this regard plaintiff's second contention relating to the question of his alleged prescriptive right to the spring, becomes immaterial to a determination of this appeal.

In view of the foregoing principles it is clear that the judgment attacked herein must be reversed unless it can be said, as respondents contend, that appellant is barred from asserting his title by virtue of the decree entered in the action brought by respondents Reeders under the provisions of section 749 of the Code of Civil Procedure against all "unknown defendants" and which was pleaded as a bar to appellant's action by respondents Reeders in their answer.

 In considering the effect of said decree it is pertinent to consider the above narrated evidence which discloses without contradiction that at the time the Reeders caused summons to be published Manuel was in the actual and open possession of the premises upon which the spring was located. Such evidence further disclosed that the spring was partially enclosed by a fence and that a pipe ran from the spring to Manuel's home, which pipe was above the surface of the ground and clearly visible. Thus, irrespective of any question of constructive notice of Manuel's claim to the spring by virtue of the recordation of his deed from respondent Kiser, respondent Reeder by his own testimony must be held to have had actual knowledge that appellant Manuel asserted an interest in said premises. Actual and open possession constitutes notice to subsequent purchasers (*Prouty* v. *Devin,* 118 Cal. 258 [50 P. 380]) and the existence of the fence around the spring and the pipe leading therefrom to appellant's house gave Reeder the means of knowledge of Manuel's claim which is equivalent to knowledge. (Civ. Code, § 19.)

 The question thus narrows down to the more precise one of whether a decree entered in an action brought pursuant to section 749 of the Code of Civil Procedure against "unknown defendants" based upon publication of summons directed to such defendants is binding upon a person claiming an interest in the land and as to whom the plaintiff has actual knowledge.

By the provisions of section 749 of the Code of Civil Procedure a defendant known to the plaintiff must be served in the manner set forth in sections 405-418 thereof which sections in general require personal service subject to certain exceptions not applicable herein. Thus it would follow that Manuel was entitled to personal service by the very terms of the foregoing sections and such a conclusion is in accord with the general rule that a party in the actual possession of real property cannot be regarded as an "unknown" person so as to be bound by a decree based upon published service. (146 A.L.R. 713; 128 A.L.R. 114.) See, also, *People* v. *One 1941 Chrysler Sedan,* 81 Cal.App.2d 18 [183 P.2d 368]; *Ross* v. *Thompson,* 174 Okla. 183 [50 P.2d 385]; *Pankey* v. *Ortiz,* 26 N.M. 575 [195 P. 906, 30 A.L.R. 92] and *Robbins* v. *Slavin,* 292 Ill.App. 479 [11 N.E.2d 651].

 The only remaining issue relates to respondents' con-

tention that since the judgment in the Reeder action was not void on its face appellant cannot attack such a decree in this proceeding. However, it must be noted that the decree in that action was first raised by the Reeders in their answer as a bar to the complaint herein, and under the provisions of section 462 of the Code of Civil Procedure such new matter was deemed controverted, thereby entitling Manuel to offer evidence as he did showing the invalidity of that decree. (*Stevens* v. *Kelley,* 57 Cal.App.2d 318 [134 P.2d 56].)

For the foregoing reasons the judgment is reversed.

Adams, P. J., and Thompson, J., concurred.

A petition for a rehearing was denied December 7, 1949.