[Civ. No. 21565.    First Dist., Div. Three.    July 1, 1964.]

EDWARD SMITH et al., Plaintiffs and Respondents, v. G. G. McDANIEL, Defendant and Appellant.

Michael Lewton and Joseph B. K. Smith for Defendant and Appellant.

Bagshaw, Martinelli, Weissich & Jordan and A. E. Bagshaw for Plaintiffs and Respondents.

SALSMAN, J.—The respondents brought this action to set aside a quiet title judgment obtained by appellant, which judgment determined that appellant was the owner of two parcels of real property. The court set aside appellant's former judgment and determined that it was not binding upon respondents.

There was evidence that in 1915 Mabrey McMahan was the owner of a large tract of land, of which the two parcels here in dispute formed a part. McMahan had an ambitious scheme for development of the area, and in pursuit thereof improved his lands, dredged channels and moved in buildings from the 1915 World's Fair. The development did not rise to his expectations however, and after McMahan's death in 1957 his heirs deeded the two parcels here in controversy to appellant McDaniel.

The respondents are farmers and dairymen. They have a substantial ownership of land in the immediate vicinity of the lands formerly owned by McMahan. One of the parcels of land here involved is entirely surrounded by lands of respondents, and the other is also encompassed by lands of the respondents except for that portion of the second parcel which borders on the south fork of the Gallinas Canal.

Respondents' predecessors are Sam Smith, their father, and Zeke Smith, their uncle. Sam Smith died in 1954 and Zeke Smith died in 1955. For many years prior to their death respondents' predecessors had been in actual possession of

the two parcels of land in question and had cultivated and improved them along with their surrounding lands. The character of their possession, that is, whether it was by permission and consent of McMahan until his death, and afterwards by permission of his heirs, or adverse to their interests is an important question in this case, but the fact of respondents' long possession and continued use is not in dispute. Sam Smith and Zeke Smith deeded their lands to respondents, but whether the exact parcels here in dispute were specifically described in those deeds does not appear.

In 1959 appellant McDaniel received a deed to the two parcels from the heirs of McMahan and shortly thereafter brought an all persons quiet title action under the provisions of Code of Civil Procedure section 749. His purpose was to quiet his title to the lands in possession of respondents against all outstanding claims. Appellant knew of the possession of the lands by respondents, but it does not appear that he was aware that respondents were asserting any claim to an interest in the lands. Accordingly appellant did not make personal service of summons upon respondents but in other respects followed the usual procedure in the prosecution of a quiet title action under the provisions of Code of Civil Procedure section 749. Appellant made service of summons by publication, filed a lis pendens, and posted a notice of the action on the property. In due course appellant obtained a judgment quieting his title against the claims of all persons. It is undisputed, however, that respondents had no actual knowledge of appellant's suit until long after the judgment had become final and time for relief under Code of Civil Procedure section 473 had passed. Upon discovering appellant's judgment, respondents promptly brought this action to set it aside.

At trial there was testimony from respondents relating to the long continued use of the lands by their father and uncle and by themselves after they became owners of the surrounding property. Respondents gave testimony indicating their belief that they were the owners of the two parcels and that they were paying taxes on them. On the other hand there was testimony from appellant concerning conversations with McMahan in which the latter indicated that he had given respondents' predecessors permission to use the lands and that they understood their use was permissive. In his memorandum decision the trial judge recognized that there was evidence on both sides of the question whether respondents'

possession was permissive or adverse but concluded it was unnecessary to make a finding on that issue. It was the trial court's view, as expressed in its memorandum decision, that "a person seeking to avail himself of the procedures set forth in section 749 must name and serve persons in actual possession in order to give them the opportunity to litigate the nature of their possession in the original quiet title action." Appellant requested a specific finding on the character of respondents' possession, whether permissive or adverse, but the trial court refused to make any such finding, declining, we assume, for the reasons stated in its decision. The trial court did find, however, that respondents' possession was "actual, exclusive, open and notorious physical possession, under their claims of right."

On appeal the parties argue about factual matters which should have been settled by a finding in the trial court. ■ Appellant contends that respondents' possession of the lands in question was purely permissive and not adverse; that respondents had no claim to the lands which required notice, and for this reason appellant's quiet title judgment should not have been set aside because of failure to make personal service of process upon respondents. In support of this argument appellant quotes the language of Code of Civil Procedure section 749 which, in reference to the designation of unknown defendants provides in part: "... the plaintiff may describe such unknown defendants ... as follows: 'also all other persons unknown, claiming any right, title, estate, lien or interest in the real property ... adverse to plaintiff's ownership. ...' "

Respondents on the other hand contend that they were in actual and exclusive possession of the lands, under claim of right; that they were not unknown persons within the meaning of Code of Civil Procedure section 749, and hence personal service of process upon them was required. Respondents cite *Manuel* v. *Kiser*, 94 Cal.App.2d 540, 545 [210 P.2d 918], and *O'Connor* v. *Rumiano Bros. Co.*, 157 Cal.App.2d 483 [321 P.2d 122]. In *Manuel* v. *Kiser* the court quoted the general rule to the effect that "a party in the actual possession of real property cannot be regarded as an 'unknown' person *so as to be bound by a decree based upon published service.*" (See also 146 A.L.R. 713; 40 Cal.Jur.2d 87.) However, in both *Manuel* v. *Kiser* and *O'Connor* v. *Rumiano, supra,* the possessors were making such use of the property as to give the owner notice of adverse claim. Here, although

respondents strongly argue that their possession was adverse, we are not aided by any finding of the trial court on the issue. Since the court was requested to make a specific finding on this issue we cannot infer in support of the judgment that such a finding if made would have been favorable to respondents. (Code Civ. Proc., § 634.) The issue is a decisive one because if respondents' use of the two parcels was in fact purely permissive and nothing appeared to give notice of any claim on their part, then possession would not be adverse. (See *Madden* v. *Alpha Hardware & Supply Co.*, 128 Cal.App. 2d 72, 75 [274 P.2d 705] ; 2 Witkin, Summary of Cal. Law, p. 872, and cases cited.) If respondents' possession was purely permissive, no service of process upon them would have been required because they could have no claims to litigate. If their possession was adverse, personal service upon them would be necessary. In their complaint, respondents pleaded that their possession was "actual, exclusive, adverse, and open." Appellant denied this in his answer. Thus the issue was raised and since it is a material one a finding upon it is required. (*San Jose etc. Title Ins. Co.* v. *Elliott*, 108 Cal. App.2d 793 [240 P.2d 41].)

In reversing the judgment for failure to make a finding on a material issue we need not order a new trial. As the trial court noted in its memorandum decision, and as we have observed in the record, there is evidence on both sides of the issue. The trial court may make its finding from the record, if it deems the record sufficient for that purpose, and if it does not deem the record sufficient it may take further evidence.

We do not mean to say that a finding of adverse possession, if made, would establish title in respondents, because the judgment sought in the present action is merely to set aside the quiet title judgment; but adverse possession, if found, would be such as to have required service of process.

The judgment is reversed, with directions to the trial court to make a finding on the issue presented and thereafter to enter its judgment in accordance with the views herein expressed.

Draper, P. J., and Devine, J., concurred.